In the Matter of the TRUST OF the Anne Hamilton KILLIAN Trust Agreement of March 4, 1959, for Benefit of John Richard KILLIAN.

Jan B. KILLIAN, Administrator of the Estate of John Richard Killian (Substituted Petitioner for John Richard Killian), Appellant,

v.

MERCHANTS NATIONAL BANK OF CEDAR RAPIDS and Russell I. Hess, Appellees.

No. 91–1341.

Supreme Court of Iowa.

Jan. 20, 1993.

Rehearing Denied Feb. 18, 1993.

William H. Carmichael and Charles A. Blades of Blades, Carmichael, Rosser & Benz, Cedar Rapids, for appellant.

Patrick M. Roby, Richard S. Fry and Diane Kutzko of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for appellee Merchants Nat. Bank.

James R. Snyder, James A. Gerk and Leonard T. Strand of Simmons, Perrine,

Albright & Ellwood, Cedar Rapids, for appellee Hess.

Considered by McGIVERIN, C.J., and HARRIS, SCHULTZ, NEUMAN and SNELL, JJ.

McGIVERIN, Chief Justice.

The main question here involves whether the district court abused its discretion in refusing to vacate an April 30, 1987, probate order that approved the past handling of the John Killian trust by its trustees.

Jan B. Killian, as administrator of John Killian's decedent's estate, appeals from that refusal to vacate. We affirm the district court.

I. *Background facts and proceedings.* This is yet another appeal concerning the Anne Hamilton Killian trust. *See In re Trust of Killian,* 459 N.W.2d 497 (Iowa 1990); *Killian v. Iowa District Court,* 452 N.W.2d 426 (Iowa 1990). Anne signed the trust instrument in 1959. Upon her death in 1967, the trust was divided into three trusts: one for her spouse, one for her daughter (the Joan Killian Hunter trust), and one for her son (the John Killian trust). The Merchants National Bank of Cedar Rapids (the Bank) and Russell Hess were co-trustees of the separate trusts for Joan and John. For further details of the background facts on the trusts, see *In re Trust of Killian,* 459 N.W.2d 497.

In November 1983, Joan filed suit against the trustees alleging breach of fiduciary duties and fraud concerning the handling of her trust.[1] Apparently, in March 1987, the parties involved in Joan's litigation had reached a settlement. The settlement, however, was made contingent upon court approval of the trustees' past acts regarding the entire Killian trust, including John's trust. John's trust was not then under district court probate jurisdiction.

Consequently, on March 24, 1987, pursuant to Iowa Code section 633.10(4) (1987) the trustees filed a petition concerning the John Killian trust in the Iowa district court for Linn County. The petition requested that the district court accept jurisdiction of the trust, approve all past acts of the trustees, discharge Russell Hess as co-trustee, and appoint the Bank as sole trustee. The court set hearing on the matter for April 30, 1987, with mailed notice to be given to interested persons at least twenty days prior thereto.

This petition and a notice of the hearing, as well as an accompanying packet of documents accounting for the trustees' acts since the inception of the trust, was sent on March 24 to John and Jan Killian's post office box in Ft. Lauderdale, Florida, the only address the trustees had for several years for John.[2] That same day, another copy of the notice, the petition, and the packet of supporting documents was sent to John's accountant in Florida, as he requested in a phone conversation with the Bank. None of these documents indicated that Joan's litigation was to be settled. The petition did refer to Joan's suit by name, case number, its basic allegations and the court in which it was on file.

On April 1, 1987, John signed an acknowledgment of receipt of notice, entry of appearance and consent to entry of orders concerning the hearing.[3] This document also outlined the matters scheduled before the district court for the April 30 hearing. This signed acknowledgment was returned by John to the trustees and was filed with the court on April 24, 1987. On April 30,

---

1. John eventually learned of Joan's suit, as he ordered copies of both the court docket sheet and the complaint from the United States District Court for the Northern District of Iowa, to which the case was transferred.

2. Since John's divorce from his first wife, John and Jan, his second wife, have apparently kept their location secret from everyone, including family members and the trustees. The trustees could contact John only through his Florida post office box or by leaving a message with

John's Ft. Lauderdale, Florida, accountant, who would then forward the message to him. John would then telephone the bank to discuss pending matters.

3. The Bank had mailed this acknowledgment to John, via his accountant, at his request. John requested the acknowledgment because he did not want his Florida address to become public through an affidavit of service of notice.

the district court entered its order accepting jurisdiction of John's trust, approving the prior acts of the trustees as shown by the accounting, and appointing the Bank as sole trustee.

In a separate action in Joan's trust, on May 4 the district court approved the settlement agreement of the trustees with Joan. The particulars of the agreement were kept confidential by the terms of that court order.

John did not appeal from any of these orders.

On May 2, 1988, John filed the present action seeking to vacate the district court's April 30, 1987, order in his trust pursuant to Iowa Rule of Civil Procedure 252(b). On June 11, 1988, John died and his wife, Jan, as administrator of his estate, was substituted as petitioner.

Jan mainly contends in her petition and on this appeal that the trustees' alleged failure to inform John of the true nature of the hearing was an irregularity under rule 252(b), and as such the April 30, 1987, order should be vacated. Jan also asserts that the trustees' failure to disclose Joan's settlement to John constitutes fraud; the notice prior to the April 30 order was inadequate; the discovery of Joan's settlement constituted new evidence under Iowa Rule of Civil Procedure 244; the trustees should have the burden of proof to establish the propriety of their actions concerning the April order; and Joan's settlement agreement should not have remained confidential. Jan's petition and evidence did not point out any alleged specific mismanagement of John's trust by the trustees over the past years.

After trial, the district court dismissed the petition to vacate and Jan filed this appeal.

We address only some of these issues.

■ II. *Notice.* The petitioner contends John was given inadequate notice of the April 30, 1987, hearing and thus his due process rights under the United States Constitution amendment XIV and Iowa Constitution article I section 9 were violated. We disagree.

Notice of the April 30 hearing was timely sent on March 24 to John's Florida post office box, the only address the trustees had for him. John called the Bank that same day concerning a different matter. When Mary Miller, the bank officer in charge of John's trust, told him about the mailing, John requested she send an additional notice to his Florida accountant, who would then immediately forward it to his residence. Miller complied.

John also asked Miller at some point if there was any way to keep his Florida post office box address from appearing in the public court documents in an affidavit of service of notice. Miller said she would talk to the attorneys involved.

As a result, Miller sent John an acknowledgment form to sign which stated the purposes of the April 30 hearing and allowed John to enter his appearance and consent to the entry of orders approving the trustees' past acts. This form, signed by John, was filed April 24 in the probate proceeding.

Jan now contends that this notice was inadequate because it did not inform John of the true nature of the proceedings and that John did not receive the notice, petition, and packet of documents by April 30.

We review de novo questions involving constitutional issues. *Montgomery v. Bremer County Bd. of Supervisors,* 299 N.W.2d 687, 692 (Iowa 1980); *State v. Cullison,* 227 N.W.2d 121, 126 (Iowa 1975); *Dickinson Co. v. City of Des Moines, Iowa,* 347 N.W.2d 436, 439 (Iowa App. 1984).

Iowa Code section 633.40(5) allows service of notice by United States mail. Specifically, service is made and completed when

the notice being served is enclosed in a sealed envelope with the proper postage thereon addressed to the interested party *at the party's last known post-office address* and is deposited in a mail receptacle provided by the United States postal service.

Iowa Code § 633.40(5) (emphasis added).

Under *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70

S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950), notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." The notice must give the parties a reasonable amount of time to make an appearance, and if, considering the practicalities and peculiarities of the case, these conditions are met, then the constitutional requirements for proper notice are satisfied. *Id.* at 314–15, 70 S.Ct. at 657–58, 94 L.Ed. at 873–74. The Supreme Court specifically recognized that the "mails today are ... an efficient and inexpensive means of communication." *Id.* at 319, 70 S.Ct. at 660, 94 L.Ed. at 876.

In *In re Estate of Lemke,* 216 N.W.2d 186, 189 (Iowa 1974), we stated "fulfillment of these due process requirements depends upon the facts and circumstances in each case."

Here, notice was sent to John's last known address, the only address the trustees had ever been given by him. At John's request, a second notice was sent to John's accountant. Both notices were sent on March 24, over one month before the hearing was to take place. The notice specifically stated that the court would be asked to approve all of the trustees' past acts, take jurisdiction of the trust, accept Hess' resignation, and appoint the Bank as the sole trustee. The acknowledgment and consent to entry of orders that John eventually signed also outlined this information. We conclude that under *Mullane* and *Lemke,* John definitely had proper notice despite his peculiar and burdensome behavior of keeping his actual location and address a secret from the trustees and the public.

III. *Irregularity, fraud, and burden of proof.* Jan next contends that the trustees' failure to inform John of the true nature of the hearing constitutes an irregularity under Iowa Rule of Civil Procedure 252(b), requiring vacation of the April 30 order. Jan further asserts that the trustees' failure to disclose Joan's settlement to John and their alleged resulting conflict of interest constitutes fraud, also requiring

vacation of the April order. Finally, Jan believes the trial court erred in failing to shift the burden of proof to the trustees on the issues of consent, release, and fairness of the "transaction."

■ Iowa Rule of Civil Procedure 252(b) allows a court to vacate a final judgment or order, or grant a new trial if an irregularity or fraud was involved in obtaining the judgment or order. We review a motion to vacate a judgment pursuant to rule 252 on assigned errors; our review is not de novo. *Mishler v. Stouwie,* 301 N.W.2d 744, 747 (Iowa 1981). "The trial court's findings of fact have the effect of a jury verdict, and those findings are binding on us if there is substantial evidence to support them." *Id.* The burden is on the moving party to plead and prove good cause to vacate the judgment. *Id.* at 748.

■ Here, the notice and acknowledgment both outlined the purposes of the April 30 hearing. Paragraph thirteen of the trustees' petition for administration of the trust states that Joan's lawsuit was premised on "mismanagement on the part of the trustees and misconduct on the part of the trustees and Banks of Iowa, Inc., with respect to holding and/or selling or refusing to sell the [MNB] bank stock." Paragraph fourteen specifically states that the trustees were requesting the court to approve their actions and "be discharged from any liability" for past acts regarding John's trust. The trustees thus fulfilled any fiduciary duty to John by mailing two notices and the acknowledgment form which he signed and returned, thereby making sure he was given notice of the proceedings and its purpose, which he was.

We find it unnecessary to extend this opinion by detailing or discussing the elements of fraud claimed. Jan has failed to prove any fraud or irregularity. Therefore, we conclude there was no irregularity or fraud involved in the April 30 hearing or the ensuing order meriting vacation under rule 252(b).

IV. *Disposition.* We have considered the parties' other contentions and find them to be without merit or unnecessary to discuss. Because John received adequate

notice of the proceedings and no irregularity or fraud was involved in connection with the April 30, 1987, hearing, we affirm the trial court's order dismissing Jan's petition to vacate the April 30 order.

AFFIRMED.