# IN THE SUPREME COURT OF IOWA

No. 07–1217

Filed November 20, 2009

**WAR EAGLE VILLAGE APARTMENTS,**

Appellee,

vs.

**GENEVA PLUMMER,**

Appellant.

---

Appeal from the Iowa District Court for Woodbury County, James D. Scott, Judge.

A residential tenant requests discretionary review of a district court decision holding that Iowa Code section 562A.29A(2) (2005) does not violate the Due Process Clauses of the United States and Iowa Constitutions, does not violate Iowa's equal protection clause, and does not require that either a tenant or someone else sign the receipt for a forcible entry and detainer petition sent via certified mail. **REVERSED.**

William J. Niebel, Sioux City, for appellant.

William G. Deck of Deck & Deck, L.L.P., Sioux City, for appellee.

**BAKER, Justice.**

Geneva Plummer was ordered to vacate her apartment under a statutory scheme that she claims is not calculated to give her notice of the hearing where her eviction was to be determined. Plummer is a residential tenant who has applied for discretionary review from an order issuing execution for removal in a forcible entry and detainer ("FED") action. This court is asked to decide: (1) whether the service of original notice of forcible entry and detainer by certified mail, with no requirement that a signed return receipt be obtained, as allowed by Iowa Code section 562A.29A(2), violates the Due Process Clauses of the United States Constitution and the Iowa Constitution; (2) whether Iowa Code section 562A.29A(2) violates the equal protection clause of the Iowa Constitution because it applies only to residential tenants and not to commercial or agricultural tenants; and (3) alternatively, whether Iowa Code section 562A.29A(2) could be read narrowly to mandate that service is not completed until someone signs a return receipt for the notice. Because Iowa Code section 562A.29A(2) does not require service which is reasonably calculated to reach the intended recipient, we find the FED statutory notice scheme violates the due process provision of the Iowa Constitution on its face.

I. **Background Facts and Proceedings.**

This case involves a landlord-tenant dispute. Plummer was a tenant at War Eagle Village. She lived in an apartment at this complex from approximately February 1, 2006, until September 18, 2006, when a warrant of removal was issued. In July 2006, Plummer was unable to pay her rent and became delinquent in the amount of $67.00. The property manager at War Eagle testified that on July 17, 2006, she both mailed and had an employee personally deliver to Plummer a notice that

procedures to terminate her lease would commence in three days if the delinquent rent was not paid. Plummer claimed she never received this notice.

Because Plummer failed to pay the delinquent rent within the three-day time period given, War Eagle commenced an action on July 24, for FED under Iowa Code chapter 648, requesting possession of the apartment. On this date the original notice for FED was mailed to Plummer by certified mail. The hearing upon the FED action was set for July 31. No attempt at personal service on Plummer was ever made. When Plummer failed to appear at the hearing, a default judgment was entered, and she was ordered to vacate the premises. Plummer did not receive the original notice informing her of the July 31 trial until August 2 when she retrieved a certified letter from the post office.

On August 3, Plummer appealed the default judgment. The district court waived the appeal bond and stayed execution of the writ of removal until the opinion in another Woodbury County FED appeal to the district court with the same constitutional issues regarding certified mail service was issued. On August 25, the other case was decided against the tenant, and the stay of execution was lifted.

On October 2, Plummer requested an evidentiary hearing on appeal, claiming that she had not had an opportunity to "present evidence . . . regarding the constitutional inadequacies of certified mail notice, with respect to [her] specific situation or to Iowa FED cases generally." The district court granted Plummer's request and set a hearing to allow her to create an "evidentiary record to demonstrate why she did not receive notice of the [FED] trial in the above case so she can then argue why the notice requirement for small claims court [is] constitutionally defective as to her and her circumstances."

An evidentiary hearing was held from which we find the following facts. The original notice was mailed by certified mail on Monday, July 24, 2006. Although there is no record from the post office regarding this specific piece of mail, a "first" attempt at delivery of the certified mail was probably made by a postal worker approximately three days later on Thursday, July 27. Plummer testified that although someone would have been home at the normal time for mail delivery at the apartment, no postal employee ever came to her door to deliver the certified letter. The mail carrier assigned to her address did not testify.

An employee of the United States Postal Service in Sioux City testified that when a certified letter is received by the post office, a carrier is generally assumed to have attempted to deliver the certified letter to the door of the addressee. If the resident is home, the carrier will obtain the resident's signature on a Form 3849 notice and personally deliver the article. The Domestic Mail Manual, however, does not mandate that a to-the-door delivery attempt be made. The postal employee also testified that she has "overheard mail carriers say that they have to cut the times on their routes," and to do that "they could just drop the 3849 in the mailbox and go. They wouldn't have to attempt the delivery [to the door] which would take time."

Regardless of whether a to-the-door attempt is actually made by the postal carrier, if the carrier does not obtain a signature on the Form 3849, the carrier is required to leave a Form 3849 notice in the resident's mailbox. This form informs the addressee that a delivery was attempted when no one was home and that the certified letter can be picked up at the post office within the next fifteen days. After the fifteen days, the form is returned to the sender. Plummer testified that she did not receive the Form 3849 that should have been left at the time of the first

attempted delivery of the certified letter that probably occurred on Thursday, July 27.

According to the postal employee, there is a "standing order" at the Sioux City post office that a second Form 3849 should be filled out and mailed to the addressee, so as to arrive five days after the first Form 3849 was left in the addressee's mail box.  Plummer testified that she received this second Form 3849 notice on August 1, the day after the scheduled hearing.  It is on this basis that it is assumed that the first attempt at delivery was on July 27.  Upon the advice of Iowa Legal Aid, Plummer took this second notice to the post office on August 2, and received the certified letter containing the original notice for FED.  On this same day, she retrieved notice of the default judgment entered against her providing for a writ of removal to issue on August 3.

After the evidentiary hearing, the district court affirmed the judgment for possession finding that Iowa Code section 562A.29A(2) did not violate the Due Process Clauses of the United States Constitution and the Iowa Constitution, did not violate Iowa's equal protection clause, and did not require that either the tenant or someone else sign the receipt for an FED petition sent via certified mail.  Plummer filed a request for discretionary review which we granted.

## II.    Scope of Review.

Review of constitutional claims is de novo.  *State v. Nail*, 743 N.W.2d 535, 538 (Iowa 2007).  We review issues of statutory construction for errors at law.  *State v. Sluyter*, 763 N.W.2d 575, 579 (Iowa 2009).

## III.    Merits.

**A.  Statutory Scheme.**  Iowa Code section 648.5 (2005) of Iowa's FED statute provides:

The court within the county shall have jurisdiction of actions for forcible entry and detainer. They shall be tried as equitable actions. Unless commenced as a small claim, a petition shall be presented to a district court judge. Upon receipt of the petition, the court shall order a hearing which shall not be later than seven days from the date of the order. *Personal service shall be made upon the defendant not less than three days prior to the hearing.* In the event that personal service cannot be completed in time to give the defendant the minimum notice required by this section, the court may set a new hearing date. A default cannot be made upon a defendant unless the three days' notice has been given.

(Emphasis added.)

Despite the requirement in Iowa Code section 648.5 that mandates personal service, Iowa Code section 562A.29A, regarding residential tenants, provides in pertinent part:

Notwithstanding sections 631.41 and 648.5 . . . a petition for forcible entry and detainer pursuant to chapter 648, may be served upon the tenant in any of the following ways:

1. By personal service.

2. By sending notice by certified mail or restricted certified mail, as defined in section 618.15, whether or not the tenant signs a receipt for the notice.

Finally, Iowa Code section 562A.29A(2) must be read in conjunction with Iowa Code section 562A.8 which provides, in part:

A person "notifies" or "gives" a notice or notification to another by taking steps reasonably calculated to inform the other in ordinary course *whether or not the other actually comes to know of it. . . . In the case of the tenant, notice is received when it comes to the tenant's attention or when it is delivered in hand to the tenant or mailed by certified mail or restricted certified mail,* as defined in section 618.15, whether or not the tenant signs a receipt for the notice, to such person at the place held out by such person as the place for receipt of the communication, or in the absence of such designation, to such person's last known place of residence.

(Emphasis added.)[1]

To summarize, in a residential landlord-tenant situation, a hearing must be set not later than seven days from the date of the order scheduling the hearing. Iowa Code § 648.5. Service is required to be made upon the defendant not less than three days prior to the hearing. *Id.* Service may be made by certified mail as opposed to personal service, and a signed receipt verifying delivery is not required. *Id.* § 562A.29A(2). Finally, notice is deemed received by the tenant when it is mailed, whether or not the tenant receives the notice or signs a receipt for the notice. *Id.* § 562A.8.

Certified mail was the means chosen by War Eagle to serve Plummer with the FED original notice. Because under section 562A.8 notice to a tenant is considered complete upon mailing of the original notice by certified mail, War Eagle complied with section 648.5 despite the fact that Plummer had not received either the Form 3849 or the original notice prior to the scheduled hearing.

**B. Requirement of a Signed Return Receipt.** We first address whether Iowa Code section 562A.29A(2) could be read narrowly to mandate that service is not complete until someone signs a return receipt for the notice. Plummer points out Iowa's small claims statute provides that any action brought as a small claim requires "a signed return receipt or a return of service" for proper notice to be served. *Id.* §§ 631.5, .9. Therefore, she argues, the only way to harmonize this requirement with section 562A.29A(2) is to require that in an FED action brought as a small claim, notice requires a signed return receipt. Iowa Code sections 562A.8 and 562A.29A(2) apply specifically to residential

---

[1]Iowa Code section 618.15, referenced in section 562A.29A(2), merely defines the terms "certified mail" and "restricted certified mail." The certified mail process utilized by War Eagle fell within this statutory definition.

landlord-tenant FEDs and expressly provide that a signed receipt is not required in such actions. Because these statutes apply specifically to FED proceedings, they prevail over the more general statute governing all small claims. *See* Iowa Code § 4.7 (stating that when there is an irreconcilable conflict between a general provision and a special provision, the special provision "prevails as an exception to the general provision").

Both Iowa Code sections 562A.8 and 562A.29A(2) state that notice is deemed received "whether or not the tenant signs a receipt for the notice." Under the plain language of these statutes, a signed receipt is not required in FED actions. We cannot read into the statute a signed–receipt requirement that is contrary to the plain language of the statute. *See Sims v. NCI Holding Corp.*, 759 N.W.2d 333, 339 (Iowa 2009). We must, therefore, determine the constitutionality of the statutory scheme.

### C. Iowa Due Process Claim.

1. *General principles.* The due process provision of the Iowa Constitution provides that "no person shall be deprived of life, liberty, or property, without due process of law." Iowa Const. art. I, § 9. Similarly, the Fourteenth Amendment to the United States Constitution provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Although we consider the Federal and state Due Process Clauses "identical in scope, import and purpose, interpretations of the [F]ederal Due Process Clause are not binding on us when we are called upon to determine the constitutionality of Iowa statutes challenged under our own due process clause." *State v. Bower*, 725 N.W.2d 435, 441 (Iowa 2006). Since neither party has claimed that a due process violation under the Iowa Constitution should be analyzed differently than a due process violation

under the United States Constitution, we will rely on the principles developed in the federal case law in analyzing Plummer's state due process claim. *Nail*, 743 N.W.2d at 539 (citing *Sanchez v. State*, 692 N.W.2d 812, 819 (Iowa 2005)).

Procedural due process prohibits the government "from depriving any person of property without 'due process of law.' " *Dusenbery v. United States*, 534 U.S. 161, 167, 122 S. Ct. 694, 699, 151 L. Ed. 2d 597, 604 (2002). The United States Supreme Court has decided when an individual's property interests are at stake, that person is entitled to adequate notice and a reasonable opportunity to be heard. *Id.* To determine whether the individual is entitled to these protections, the court applies a two-step analysis. First, the court must determine if the individual has been deprived of a protected liberty or property interest. *F.K. v. Iowa Dist. Ct.,* 630 N.W.2d 801, 808 (Iowa 2001). If so, the court must decide what process is due for that specific interest. *Id.*

In *Greene v. Lindsey*, 456 U.S. 444, 450–51, 102 S. Ct. 1874, 1878, 72 L. Ed. 2d 249, 256 (1982), the United States Supreme Court recognized that in FED actions tenants are "deprived of a significant interest in property: indeed, of the right to continued residence in their homes" triggering due process protections. Although the Court recognized that FED actions are "an expeditious means of determining who is entitled to retain possession of an apartment," it also declared that rationale "hardly explains why we may dispense with the constitutional requirement of adequate notice." *Greene,* 456 U.S. at 451 n.4, 102 S. Ct. at 1878 n.4, 72 L. Ed. 2d at 256 n.4. We agree.

Due process protections "require that deprivation [of these interests] by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullane v. Cent. Hanover*

*Bank & Trust Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 656–57, 94 L. Ed. 865, 873 (1950). As the court noted in *Mullane*, "[t]his right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Id.* at 314, 70 S. Ct. at 657, 94 L. Ed. at 873. With this principle in mind, the Court declared:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance . . . .

> But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.

*Id.* at 314–15, 70 S. Ct. at 657, 94 L. Ed. at 873–74 (citations omitted); *accord Greene*, 456 U.S. at 449–50, 102 S. Ct. at 1878, 72 L. Ed. 2d at 255.

2. *Iowa Code sections 562A.29A(2) and 562A.8.* The action to evict Plummer was brought and an order setting the hearing was obtained on Monday, July 24. The hearing was set for seven days later on Monday, July 31. On the same day that the order was obtained, notice was allegedly mailed by certified mail as permitted by section 562A.29A(2). No attempt at delivery was apparently made until four days later, on July 27, a Thursday. The hearing was held on July 31, and Plummer did not appear.

Plummer contends section 562A.29A(2) is unconstitutional as it is not reasonably calculated to give notice in advance of the hearing. She claims that a tenant's right to reside in his or her home is a protected

property interest, and, therefore, she is entitled to reasonable notice and a meaningful opportunity to be heard before that interest can be extinguished. Plummer states that Iowa Code section 562A.29A(2) purports to take this property interest away without constitutionally adequate notice and is therefore unconstitutional as applied in this instance because she did not receive the original notice for FED, *i.e.,* adequate notice, before her tenant rights were terminated. War Eagle maintains that Plummer received adequate notice, pointing out due process does not require actual notice.

Reading Iowa Code section 562A.29A(2) in conjunction with section 562A.8, which provides that service is complete upon mailing, we conclude this statutory scheme authorizes a process that is not reasonably calculated to give tenants adequate notice of hearings at which their continued occupancy of the premises will be determined. This scheme gives the illusion, but not the reality, of due process.

There are two major factors that support our conclusion. First, the FED statutory scheme deems notice complete upon mailing. Under Iowa Code section 562A.8, service is deemed received when mailed. Dropping a letter in a mailbox is not notice, yet is deemed sufficient notice. It is mere lip service to meaningful notice.

Second, given the seven-day time frame between the order setting the hearing and the hearing as provided by Iowa Code section 648.5, the use of certified mail under Iowa Code section 562A.29A(2) makes it less likely that timely notice will be received. *See Jones v. Flowers,* 547 U.S. 220, 235, 126 S. Ct. 1708, 1719, 164 L. Ed. 2d 415, 431 (2006) ("[T]he use of certified mail might make actual notice less likely in some cases— the letter cannot be left like regular mail to be examined at the end of the day, and it can only be retrieved from the post office for a specified period

of time."). Certified mail is designed to provide feedback that a letter is actually delivered; however, in this case, that feedback is irrelevant for two reasons. Because Form 3849 may not be returned to the landlord until fifteen days after mailing, yet the hearing is set for seven days from the date of the order, feedback will not be received until after the hearing has occurred. Feedback is also irrelevant because under section 562A.8, service is complete upon mailing.

We think the statutory procedure for notice in FED actions as implemented in this case is not what someone who desired to actually inform the tenant would do. *Mullane*, 339 U.S. at 315, 70 S. Ct. at 657, 94 L. Ed. at 874 ("[W]hen notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."). "The sufficiency of notice must be tested with reference to its ability to inform people of the pendency of proceedings that affect their interests. In arriving at the constitutional assessment, we look to the realities of the case before us . . . ." *Greene*, 456 U.S. at 451, 102 S. Ct. at 1879, 72 L. Ed. 2d at 256.

Here, the fact the notice is deemed received upon mailing compels a finding that there is no real desire to inform a tenant of a pending FED. In fact, the reality is that, even if a tenant receives the notice prior to the hearing, the tenant is unlikely to receive it in time to meaningfully participate in the hearing. *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S. Ct. 1983, 1994, 32 L. Ed. 2d 556, 570 (1972) ("It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.' " (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62, 66 (1965))). Moreover, the short time frame obviates the benefits of certified

mail because any feedback with respect to the delivery and receipt of the certified mailing would be received after the hearing had been held.

Because section 562A.29A(2), read in conjunction with section 562A.8 and the seven-day hearing requirement, does not require service which is reasonably calculated to reach the intended recipient, we find the means chosen to provide notice in this FED action violate the due process clause of the Iowa Constitution.[2]

Having determined that the use of certified mail is unconstitutional under these facts, we must now determine whether Iowa Code section 562A.29A(2) read in conjunction with section 562A.8 is unconstitutional on its face. "[A] facial challenge asserts that the statute is void for every purpose and cannot be constitutionally applied to any set of facts." *F.K.*, 630 N.W.2d at 805. This high standard is premised upon notions of judicial restraint.

> Claims of facial invalidity often rest on speculation. As a consequence, they raise the risk of "premature interpretation of statutes on the basis of factually barebones records." Facial challenges also run contrary to the fundamental principle of judicial restraint that courts should neither " 'anticipate a question of constitutional law in advance of the necessity of deciding it' " nor " 'formulate a rule of

---

[2]We also look at whether there are other reasonable steps the landlord could have taken. *Jones,* 547 U.S. at 234, 126 S. Ct. at 1718, 164 L. Ed. 2d at 430–31 ("[I]f there were no reasonable additional steps the government could have taken upon return of the unclaimed notice letter, it cannot be faulted for doing nothing."). Although we do not determine today what additional efforts would pass constitutional muster, certainly other steps were available to the landlord to provide notice to the tenant that was reasonably calculated to actually inform the tenant of the hearing in time to meaningfully participate in the hearing. *See id.* at 238, 126 S. Ct. at 1721, 164 L. Ed. 2d at 433 (" 'It is not our responsibility to prescribe the form of service that the [government] should adopt.' In prior cases finding notice inadequate, we have not attempted to redraft the State's notice statute. The State can determine how to proceed in response to our conclusion that notice was inadequate here, and the States have taken a variety of approaches to the present question. It suffices for present purposes that we are confident that additional reasonable steps were available for Arkansas to employ before taking Jones' property." (quoting *Greene,* 456 U.S. at 455 n.9, 102 S. Ct. at 1881 n.9, 72 L. Ed. 2d at 258 n.9) (citations omitted)).

constitutional law broader than is required by the precise facts to which it is to be applied.' "

*Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, ___, 128 S. Ct. 1184, 1191, 170 L. Ed. 2d 151, 161 (2008) (quoting *Sabri v. United States*, 541 U.S. 600, 609, 124 S. Ct. 1941, 1948, 158 L. Ed. 2d 891, 900 (2004) (first quoted material); *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 483, 80 L. Ed. 688, 711 (1936) (Brandeis, J., concurring) (second quoted material)). Only if we determine that a statute is unconstitutional under a given set of facts will we determine whether any set of facts exists under which the statute would be constitutional.[3]

There is no set of facts under which the FED statutory notice scheme could be found to provide adequate notice. When receipt in time to meaningfully respond is unlikely, a statutory scheme that deems service complete upon mailing of the notice is by its very terms not reasonably calculated to give adequate notice to tenants that a hearing on their eviction has been scheduled. Given the statutory requirement that a hearing be held no later than seven days from the order scheduling the hearing, Iowa Code section 562A.29A(2) is unconstitutional on its face.

---

[3]An exception to the general rule provides that a facial challenge will not be entertained if the statute was constitutionally applied in the case before the court. When First Amendment rights are implicated, facial challenges may be addressed if the questioned statute reaches a substantial amount of protected conduct. *See State v. Reed*, 618 N.W.2d 327, 332 (Iowa 2000). This exception does not apply, however, because the challenge here is not under the First Amendment. Plaintiff cites to *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 895, 112 S. Ct. 2791, 2830, 120 L. Ed. 2d 674, 726 (1992), for the proposition that "[a] statute that deprives individuals of a constitutionally-protected right 'in a large fraction of cases in which [the law] is relevant' may be found constitutionally 'invalid' on its face." It is clear, however, that this standard for facial challenges has been limited to the abortion context, and a more recent Supreme Court opinion cast doubt on whether the Court will continue to apply this standard even in that context. *See Gonzales v. Carhart*, 550 U.S. 124, 167, 127 S. Ct. 1610, 1638–39, 167 L. Ed. 2d 480, 515 (2007) (stating that the standard for facial challenges in the context of abortion is unclear).

**D. Equal Protection.** Because we hold that the statutory scheme violates due process, we do not reach the issue of whether Iowa Code section 562A.29A(2) violates the equal protection clause of the Iowa Constitution.

**E. Federal Constitutional Claims.** Because we find that Iowa Code section 562A.29A(2) violates the Iowa Constitution, we need not address Plummer's claim that it also violates the United States Constitution.

**IV. Disposition.**

Because section 562A.29A(2) does not require service which is reasonably calculated to reach the intended recipient at a meaningful time, we find certified mail, the means chosen to provide notice in FED actions, violates the due process clause of the Iowa Constitution on its face. Therefore, we reverse the district court's order issuing a writ of removal.

**REVERSED.**