# IN THE SUPREME COURT OF IOWA

No. 18–0599

Filed April 12, 2019

**WELLS FARGO EQUIPMENT FINANCE, INC.,**

Appellee,

vs.

**JASON RETTERATH** and **ANALIA RETTERATH,**

Appellants.

---

Appeal from the Iowa District Court for Chickasaw County, Richard D. Stochl, Judge.

A judgment debtor and his wife appeal from a district court ruling dismissing their petition to vacate a charging order. **AFFIRMED.**

Jason W. Miller of Patterson Law Firm, L.L.P., Des Moines, for appellants.

G. Mark Rice and Johannes H. Moorlach of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

**CHRISTENSEN, Justice.**

A judgment creditor filed foreign judgments and obtained a charging order to execute these foreign judgments in Iowa district court against the judgment debtor's membership interests in an Iowa limited liability company (LLC). The judgment debtor and his wife filed a petition to vacate the charging order based on their claim that the creditor could not attach these interests since the debtor and his wife owned them as a tenancy by the entireties in their domicile of Florida. The creditor filed a motion for summary judgment, maintaining Iowa law governs and the legal doctrine of tenancy by the entireties does not exempt the debtor's membership interest in the Iowa LLC since Iowa does not recognize tenancy by the entireties. The district court granted the creditor's motion for summary judgment and dismissed the couple's petition to vacate the charging order.

On appeal, the couple presents multiple claims. First, they argue the district court erred by applying Iowa law instead of Florida law. Second, they contend the district court erred in determining the couple did not own their membership units in a tenancy by the entireties. Third, the couple claims the foreign judgments were not properly registered, nor was the charging order properly issued. Finally, they challenge the district court's ruling that there were no due process grounds to vacate the charging order. For the reasons set forth below, we affirm the district court judgment.

## I. Background Facts and Proceedings.

Jason and Analia Retterath are Florida citizens and residents of Palm Beach County, Florida, who have been married since February 13, 1999. Wells Fargo Equipment Finance, Inc. (WFEFI) is a Minnesota corporation with its principal office in Minneapolis, Minnesota, that is the owner and holder of two Florida judgments against Jason arising from its

suit against Jason in Broward County, Florida. The litigation that led to these judgments began in November 2009, and the judgments were entered on August 22, 2011, and January 23, 2012.

On December 22, 2015, WFEFI caused these judgments to be filed in the Iowa District Court for Chickasaw County alongside an affidavit in support of foreign judgment, listing Jason's name and last known address. The clerk of court did not make a note of the mailing notice of the filing of WFEFI's foreign judgments to Jason in the docket. On January 6, 2016, WFEFI filed its application for charging order pursuant to Iowa Code section 489.503 in Iowa district court. WFEFI sought to execute the Florida judgments against Jason's membership interest in Homeland Energy Solutions, LLC, (Homeland), an Iowa limited liability company that has its home offices in Lawler, Iowa. Counsel for WFEFI certified the application, which was mailed to Jason in conjunction with its filing. Jason stated in an affidavit that he did not "receive service of process or otherwise receive notice of the proceedings that resulted in the Charging Order."

Homeland owns and operates ethanol production and by-product production facilities, and it also markets and processes ethanol and related by-products. Though it is located in Iowa, Homeland began selling membership units in the state of Florida in 2006. Its affairs are governed by its operating agreement, which is entered into between Homeland and "each of the Persons identified as Members on the Company's Unit holder Register and any other Persons that may from time-to-time be admitted as Members of the Company in accordance with the terms" of the agreement. According to the agreement, "[t]he laws of the State of Iowa shall govern the validity of this Agreement, the construction of its terms, and the interpretation of the rights and duties arising thereunder."

Jason acquired his membership interest in Homeland in his individual capacity on October 29, 2007, when he purchased 2000 units at a price of $1000 per unit. He acquired an additional 250 units in his individual capacity by means of a corporate transfer of assets agreement on May 14, 2010, which was after WFEFI commenced its Florida action against Jason. On December 15, 2010, Jason transferred all of his individual membership units in Homeland to himself and Analia through a unit transfer application. The transfer application required Jason to choose one of the following forms of ownership: individual, joint tenants with right of survivorship, corporation on partnership, trust, or other. Jason marked the "Joint Tenants with Right of Survivorship" box to indicate the form of ownership. The Retteraths file tax returns in Iowa to, among other things, report the income they receive from Homeland. Prior to the charging order, Homeland made distribution payments directly to the Retteraths' personal joint banking account in Florida.

On January 8, 2016, WFEFI filed an affidavit regarding the amounts due on the Florida judgments, which was served on Jason. Shortly thereafter, the district court entered a charging order on January 12, which stated,

> **IT IS, THEREFORE, ORDERED** that WFEFI is hereby granted a charging order against the entire membership interest of [Jason] Retterath in Homeland pursuant to Iowa Code section 489.503. Any amount to be distributed to [Jason] Retterath up to and including the amount to fully satisfy WFEFI shall be remitted payable to Wells Fargo Equipment Finance, Inc. . . . Any amount so received by WFEFI shall be satisfied, and WFEFI shall submit a partial or full satisfaction as appropriate to indicate the status of the Charging Order. In the event of full satisfaction, any surplus shall be paid to Retterath.

The charging order was served on Jason through the mail to his correct address.

On July 13, Jason and Analia Retterath filed a petition to vacate the charging order, claiming they took possession of the Homeland membership units simultaneously as tenants by the entireties under Florida law. The Retteraths maintained Florida law governs their ownership of the Homeland units and Florida law prohibits making property owned as a tenancy by the entireties available to answer for the judgment debts of one of the tenants individually. The petition noted Analia was never served with process or otherwise provided notice of the application for charging and claimed this lack of notice violated Analia's due process rights under the Federal and Iowa Constitutions. The Retteraths also claimed the statutory scheme of Iowa Code chapter 626A violates their right to procedural due process.

WFEFI filed its answer to the petition to vacate on August 5, asserting Iowa law governs the parties' dispute and the legal doctrine of tenancy by the entireties does not exempt Jason's membership interest in Homeland from the judgment. Thus, WFEFI argued as an affirmative defense that the Retteraths failed to state a claim for which relief may be granted. WFEFI and the Retteraths filed motions for summary judgment on March 3, 2017, and the parties filed a resistance to the opposing party's respective motion for summary judgment on March 24.

On February 8, 2018, the district court granted WFEFI's motion for summary judgment and denied the Retteraths' motion for summary judgment. The district court also dismissed the Retteraths' petition to vacate the charging order. Though the district court found it was unnecessary to determine whether Florida or Iowa law applied, it still addressed the issue and determined Iowa law applied since "Iowa has the most significant contacts with this dispute." Nevertheless, the district court concluded a tenancy by the entireties did not exist even if Florida

law applied since they did not receive title from the same conveyance. The district court explained Jason received his membership interest from Homeland, while Analia later received her membership interest from Jason. Finally, the district court addressed WFEFI's claim from its supplemental brief, which accused Jason of fraudulent conversion for transferring his Homeland membership units to avoid creditors to the underlying lawsuit. The district court concluded additional findings of fact were required and denied summary judgment on the fraudulent conversion issue.

On February 23, the Retteraths filed a motion to enlarge and modify pursuant to Iowa Rule of Civil Procedure 1.904(2), requesting the district court rule upon their claims that the charging order is void because it was issued without jurisdiction over the Retteraths, the statutory scheme of Iowa Code chapter 626A violates their right to procedural due process, and the charging order violated Analia's right to due process. The district court entered an addendum to its ruling on the motions for summary judgment on March 7. The district court denied the Retteraths' request to set aside the charging order on due process grounds because Analia was not entitled to notice since she was not a judgment debtor of WFEFI and the order did not direct any collection against her interest. The Retteraths filed their notice of appeal on April 2. We subsequently granted and retained the appeal.

## II. Standard of Review.

We review the district court's ruling on a motion to vacate for the "correction of errors at law, not de novo." *State ex rel. Goettsch v. Diacide Distribs., Inc.*, 596 N.W.2d 532, 537 (Iowa 1999). The district court's factual "findings are binding on us if there is substantial evidence to support them." *In re Tr. of Killian,* 494 N.W.2d 672, 675 (Iowa 1993)

(quoting *Mishler v. Stouwie*, 301 N.W.2d 744, 747 (Iowa 1981)). We also "review a district court ruling on a motion for summary judgment for correction of errors at law." *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018) (quoting *Homan v. Branstad*, 887 N.W.2d 153, 163 (Iowa 2016)). "When the summary judgment was on a constitutional issue, however, our review is de novo." *Weizberg v. City of Des Moines*, 923 N.W.2d 200, 211 (Iowa 2018). Summary judgment is appropriate "when the moving party has shown 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.' " *Jahnke*, 912 N.W.2d at 141 (quoting *Homan*, 887 N.W.2d at 163).

**III. Analysis.**

On appeal, the Retteraths present a number of challenges to the district court's ruling. First, they challenge the district court's conclusion that Iowa law applied to the dispute instead of Florida law. Second, the Retteraths claim the district court erred in determining they failed to show the necessary "unity of time" element of a tenancy by the entireties under Florida law when Jason transferred ownership of his Homeland units to Jason and Analia. Third, they contend the district court erred in concluding the foreign judgments were properly registered and the charging order was properly issued in order for the district court to obtain jurisdiction over the Retteraths. Finally, the Retteraths argue the district court erred in denying their due process challenge.

**A. Choice of Law.** The Retteraths challenge the district court's conclusion that Iowa law applies to their dispute with WFEFI. The district court reached this decision based on its application of the Restatement (Second) of Conflict of Laws sections 222 and 6, which the Retteraths maintain was inappropriate because Iowa has not applied general choice of law principles in the past. Instead of general choice of law principles,

the Retteraths argue Iowa law governing personal property applies to their membership interests in Homeland. Thus, the Retteraths claim the situs of their Homeland membership units is the Retteraths' domicile, which is Florida. The Retteraths also contend the district court erred in relying on the choice-of-law clause in Homeland's operating agreement.

Courts are divided in determining where the intangible property interest in an LLC lies, and this is an issue of first impression in Iowa. *See JPMorgan Chase Bank, N.A. v. McClure*, 393 P.3d 955, 958–59 (Colo. 2017) (en banc). We have previously held the situs of similar forms of intangible personal property, such as corporate stock, "is governed by the law of [the owner's] domicile, and not by the law of the corporate domicile."[1] *Judy v. Beckwith*, 137 Iowa 24, 30, 114 N.W. 565, 567 (1908); *see, e.g., City of Dubuque v. Ill. Cent. R.R.*, 39 Iowa 56, 84, (1874) ("As a rule of law, the *situs* of [railroad rolling stock] is determined by the domicile of the owner. This is true as to questions affecting the sale, distribution, and right of possession thereof."). However, an individual's interest in an LLC is unlike other forms of intangible personal property since the typical levying procedures available to creditors for similar forms of intangible personal property are unavailable to creditors seeking to levy an individual's interest in an LLC. Iowa and Florida both have adopted forms of the Revised Uniform Limited Liability Company Act (RULLCA). *See* Iowa Code § 489.101 (2017); Fla. Stat. Ann. § 605.0101 (West, Westlaw through 2019 1st Reg. Sess. through Mar. 18, 2019). Under the RULLCA in Iowa, a charging order is "the exclusive remedy by which a person seeking to enforce a judgment against a member or transferee may, in the capacity

---

[1]An individual's interest in an LLC is considered personal property under Iowa law. Iowa Code § 489.501 ("A transferable interest is personal property.").

of judgment creditor, satisfy the judgment from the judgment debtor's transferable interest." Iowa Code § 489.503(7). Likewise, in Florida,

> a charging order is the sole and exclusive remedy by which a judgment creditor of a member or member's transferee may satisfy a judgment from the judgment debtor's interest in a limited liability company or rights to distributions from the limited liability company

unless the limited liability has only one member. Fla. Stat. Ann. § 605.0503(3).

Charging orders provide a judgment creditor with the ability to satisfy a judgment from the judgment debtor's transferable interest in an LLC while simultaneously allowing the LLC to protect its other members' interests and continue operating. 51 Am. Jur. 2d *Limited Liability Companies* § 23, at 858–59 (2011). A charging order allows a judgment creditor to obtain "a lien on a judgment debtor's transferable interest and requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor." Iowa Code § 489.503(1); *see also* Fla. Stat. Ann. § 605.0503(1) ("[A] charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor."). This remedy is unique to an interest in an LLC, as it is premised upon the distinct ability to separate the individual's economic interest in an LLC from the LLC's operations and the interests of its other members. *See* 51 Am. Jur. 2d *Limited Liability Companies* § 23, at 858–59.

Charging orders are not available for other forms of intangible personal property. Moreover, both Iowa and Florida law concerning a "transferable interest" in an LLC characterizes the LLC as the core of the

interest. Specifically, Iowa law defines a "transferable interest" in an LLC as

> the right, as originally associated with a person's capacity as a member, to receive distributions from a limited liability company in accordance with the operating agreement, *whether or not the person remains a member or continues to own any part of the right.*

Iowa Code § 489.102(24) (emphasis added). Florida similarly defines a "transferable interest" as

> the right, as initially owned by a person in the person's capacity as a member, to receive distributions from a limited liability in accordance with the operating agreement, whether the person remains a member or continues to own a part of the right.

Fla. Stat. Ann. § 605.0102(66). The individual LLC member, and thus the location of the member, is secondary to the member's transferable interest in the LLC. *See* Iowa Code § 489.102(24); *see also* Fla. Stat. Ann. § 605.0102(66). Consequently, while the Retteraths are correct to note their Homeland interests are personal property under the law, there are unique attributes of a membership interest in an LLC that render our traditional debtor-domicile analysis applied to other forms of intangible personal property inadequate with regard to the situs of a membership interest in an LLC.

For the purposes of determining the enforceability of a charging order, we hold that a member's membership interest is located where the LLC was formed. Our holding aligns with the anomalous characteristics of a membership interest in an LLC, particularly because a charging order is directed to the LLC rather than the individual member since it requires the LLC to redirect the debtor-member's distributions to the creditor. *See* Iowa Code § 489.503(1); *see also* Fla. Stat. Ann. § 605.0503(1). Additionally, Iowa law governs an LLC's "internal affairs" and "[t]he liability of a member as member and a manager as manager for the debts,

obligations, or other liabilities" of the LLC. Iowa Code § 489.106. Locating the membership interest in the state in which the LLC was formed recognizes this authority and promotes uniformity. "To conclude otherwise (i.e., that the interest lies wherever the debtor happens to be domiciled) could result in substantial uncertainty and confusion," as an LLC could become subject to various and competing charging orders from differing foreign jurisdictions. *JPMorgan Chase Bank, N.A.*, 393 P.3d at 959. Likewise, our holding creates certainty for creditors because it provides them with a fixed jurisdiction to pursue charging orders.

In this case, the Retteraths' interests in Homeland exist under Iowa law, and their creditor's remedies are also limited by Iowa law. Accordingly, we hold membership interests in an LLC are located in the state where the LLC is formed. The district court correctly concluded Iowa law applies to this case. Further, the district court correctly dismissed the Retteraths' petition to vacate the charging order since Iowa law does not recognize the ownership of property by a married couple as tenants in the entireties. *See Fay v. Smiley*, 201 Iowa 1290, 1294, 207 N.W. 369, 371 (Iowa 1926) ("Assuming for the purpose of this division of this opinion, that this deed, in the eyes of the common-law rule, would create an estate in entirety, we have to say that such a construction has never been recognized under the Iowa practice; and, when attempts have been made to induce the court to make such construction, it has refused to do so."). Given this lack of recognition of the doctrine of tenants in the entireties, the district court also correctly found the foreign judgments were properly registered and the charging order was properly issued. Similarly, we need not address Analia's due process claim since Iowa does not recognize her right to own Homeland interests jointly with her husband as a tenancy by

the entireties. She was not entitled to notice since she is not a judgment debtor of WFEFI.

**B. Registration of Foreign Judgments.** The Retteraths contend the district court erred in concluding the foreign judgments were properly registered and the charging order was properly issued. When a judgment creditor files a foreign judgment, "the judgment creditor or the creditor's lawyer shall make and file with the clerk of court an affidavit setting forth the name and last known post office address of the judgment debtor, and the judgment creditor." Iowa Code § 626A.3(1). Additionally,

> [p]romptly upon the filing of the foreign judgment and the affidavit as provided in subsection 1, the clerk shall mail notice of the filing of the foreign judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and the judgment creditor's lawyer, if any, in this state.

*Id.* § 626A.3(2).

When WFEFI filed its foreign judgment in district court on December 22, 2015, it also filed an affidavit in support of the foreign judgment that listed Jason's name and last known address pursuant to section 626A.3(1). WFEFI also mailed a copy of its application for charging order on January 6, 2016, which included notice of the filing of the Florida judgments. Further, WFEFI mailed Jason a copy of its vice president's affidavit of the amounts due on the judgment on January 8. However, the clerk of court never made a note of the mailing of the filing of the foreign judgment in the docket as required under section 626A.3(2). Consequently, the Retteraths maintain the foreign judgments were not properly registered and the district court acted in excess of its jurisdiction by issuing the charging order.

"[N]ot all departures from the literal language of [a] rule have been held to be fatal." *Gordon v. Doden*, 261 Iowa 285, 288, 154 N.W.2d 146, 147 (1967). "[M]ere irregularities relating principally to the form of the notice or to technical or clerical errors will not be fatal to the jurisdiction of the court[.]" *Id.* at 288, 147–48. For example, in *Buena Vista Manor v. Century Manufacturing Co.*, we held the plaintiff sufficiently complied with a statute to establish jurisdiction over a nonresident of Iowa even though plaintiff did not comply with all of the statutory notice requirements. 221 N.W.2d 286, 288 (Iowa 1974). There, the statute required the plaintiff to make original notice by mailing the original notice to the defendant within ten days after filing the notice with the secretary of state. *Id.* The defendant received the notice more than ten days after it was filed with the secretary of state because the plaintiff's letter was returned and marked "unclaimed" the first time it was sent to the defendants. *Id.* The plaintiff sent an identical notice to an updated address the day after its first notice was returned, and the defendant received this notice. *Id.*

In concluding the plaintiff adequately provided the defendant with notice in order for the Iowa district court to secure jurisdiction over the nonresident defendant, we explained that the plaintiff fulfilled the legislature's intent for the defendant to receive the notice. *Id.* We also noted the plaintiff "gave defendant notice of when, where and what to defend," and "[t]he only reason defendant failed to receive notice was beyond the control of plaintiff." *Id.* Similarly, regardless of whether the clerk of court noted the mailing of the filing of the foreign judgment, WFEFI provided Jason with notice of the filing and application for charging order.

Although the Retteraths argue the district court was incorrect when it found Jason was provided notice of the filing of the foreign judgment and Jason's affidavit stated he did not "receive service of process or otherwise

receive notice of the proceedings that resulted in the Charging Order," there is substantial evidence to support the district court's finding. *See In re Tr. of Killian*, 494 N.W.2d at 675. "Proof that a document was properly mailed raises a presumption that it was received." *Montgomery Ward, Inc. v. Davis*, 398 N.W.2d 869, 870 (Iowa 1987). Here, WFEFI offered the proofs of service contained in both the application for the charging order and the affidavit regarding the amounts due, which were sent on different dates. WFEFI also properly registered its foreign judgments in Iowa. Based on this evidence, there was substantial evidence to support the district court's conclusion that Jason had adequate notice of the filing of the foreign judgment. Thus, the clerical error was not fatal to the district court's jurisdiction to issue the charging order. *See Gordon*, 261 Iowa at 288, 154 N.W.2d at 147 ("[M]ere irregularities relating principally to the form of the notice or to technical or clerical errors will not be fatal to the jurisdiction of the court[.]"). We affirm the district court decision to uphold the validity of the charging order on jurisdictional grounds.

**C. Due Process.** The Retteraths argue the district court erred in concluding there were no state or federal due process grounds to vacate the charging order because the statutory scheme of Iowa Code chapter 626A, the Uniform Enforcement of Foreign Judgments Act (UEFJA), violates their right to procedural due process. As we have already noted, Iowa Code section 626A.3(2) requires the clerk of court to "mail notice of the filing of the foreign judgment to the judgment debtor at the address given," and this "notice shall include the name and post office address of the judgment creditor and the judgment creditor's lawyer, if any, in this state." Iowa Code § 626A.3(2). The Retteraths argue the notice requirements of chapter 626A are unconstitutional because they only require service by regular mail and mandate that service is complete upon

mailing and entry of the mailing in the docket without any certification of where the mailing went.

The Iowa Constitution's due process provision establishes that "no person shall be deprived of life, liberty, or property, without due process of law." Iowa Const. art. I, § 9. Similarly, the Fourteenth Amendment to the United States Constitution provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Neither party argues the alleged due process violation should be analyzed differently under the Iowa Constitution than under the United States Constitution, so "we will rely on the principles developed in the federal case law in analyzing [the Retteraths'] state due process claim." *War Eagle Vill. Apartments v. Plummer*, 775 N.W.2d 714, 719 (Iowa 2009). Due process entitles an individual whose property interests are at stake "to adequate notice and a reasonable opportunity to be heard." *Id.* We apply a two-step analysis "[t]o determine whether the individual is entitled to these protections," asking first whether "the individual has been deprived of a protected liberty interest or property interest," and "[i]f so, . . . what process is due for that specific interest." *Id.*

The Retteraths rely on our holding in *War Eagle Village Apartments* in which we held the service of original notice of a forcible entry and detainer by certified mail without requiring a signed return receipt violated the Due Process Clauses of the Iowa Constitution and the United States Constitution. *Id.* at 720–21. In doing so, we proclaimed, "[D]ropping a letter in a mailbox is not notice . . . . It is mere lip service to meaningful notice." *Id.* at 721. Nevertheless, the Retteraths' reliance on *War Eagle Village Apartments* is misplaced because the mailing of original notice of a

forcible entry and detainer in *War Eagle Village Apartments* is different from the postjudgment collections procedure at issue in this case.

Although the Retteraths are similarly being deprived of a property interest through the filing of the foreign judgments and subsequent charging order, the basic due process requirements of notice and a hearing were already met by the Florida court when it entered the judgments. WFEFI is merely seeking to enforce these judgments against Jason. "[W]hen the creditor's interest in collecting a valid judgment is balanced against the debtor's interest in keeping his property, which has already been protected by prior notice and hearing," due process is satisfied under the State and Federal Constitutions by the procedures of the UEFJA. *Gedeon v. Gedeon*, 630 P.2d 579, 583 (Colo. 1981). Therefore, we affirm the judgment of the district court.

### IV. Conclusion.

We affirm the judgment of the district court for the aforementioned reasons.

**AFFIRMED.**

All justices concur except Waterman and Mansfield, JJ., who take no part.