# IN THE COURT OF APPEALS OF IOWA

No. 18-0488
Filed June 5, 2019

**WELLS FARGO BANK, N.A.,**
        Plaintiff-Appellant,

**vs.**

**JASON C. THOMAS, et al,**
        Defendant-Appellee.

_____

        Appeal from the Iowa District Court for Clinton County, Henry W. Latham II,

Judge.


        Plaintiff appeals the denial of its petition to quiet title.  **REVERSED AND**

**REMANDED.**


        Janelle Grace Ewing of The Sayer Law Group P.C., Waterloo, for appellant.

        Jason C. Thomas, Clinton, pro se appellee.


        Considered by Vogel, C.J., and Mullins and Bower, JJ.

**VOGEL, Chief Judge.**

Wells Fargo Bank, N.A. (Wells Fargo) appeals the denial of its petition to quiet title as to unknown heirs of Larry F. Humphrey. Wells Fargo asserts it gave proper notice to any unknown heirs by publication. We agree notice by publication is sufficient as to unknown heirs, and no estate need be opened to quiet title. Therefore, we reverse and remand.

On September 8, 2008, Larry Humphrey executed a note borrowing $62,521. Larry and his wife, Margaret E. Humphrey, also executed a mortgage on real estate they owned in Clinton to secure the loan.

Larry died on March 18, 2017, and the note was soon in default. On July 21, 2017, Wells Fargo filed a petition in foreclosure, seeking judgment in rem, and to quiet title as to the Humphreys' mortgaged real estate. The petition named as defendants Jason Thomas, several other known parties, and "all known and unknown claimants and all persons known or unknown claiming any right, title or interest and all of their heirs, spouses, assigns, grantees, legatees, devisees and all of the above named defendants." Wells Fargo also moved for appointment of a guardian ad litem (GAL) for any unknown heirs, which the court granted. Wells Fargo published notice of the foreclosure in a local newspaper once weekly for three consecutive weeks, and it personally provided notice to the GAL on behalf of the unknown heirs. According to a report from the GAL, Jason Thomas said that he was Larry's only child, that Margaret "passed away several years ago," and that no estate had been opened for Larry.

On January 10, 2018, the court granted the default judgment against Thomas and the other named defendants. However, the court declined to quiet

title as to any unknown heirs, finding notice by publication "is insufficient to put [any unknown heirs] on notice of the foreclosure action."

Wells Fargo appeals the denial of its petition to quiet title as to the unknown heirs. "Actions for quiet title lie in equity. As such, our review is de novo." *Moser v. Thorp Sales Corp.*, 312 N.W.2d 881, 886 (Iowa 1981); *see also* Iowa R. App. P. 6.907.

While the appellees have not responded to this action, the district court was concerned about the due process rights of any unknown heirs. *See War Eagle Vill. Apartments v. Plummer*, 775 N.W.2d 714, 719 (Iowa 2009) ("[W]hen an individual's property interests are at stake, that person is entitled to adequate notice and a reasonable opportunity to be heard."). The court found notice by publication was insufficient to put the unknown heirs on notice of the foreclosure action. Instead, the court found, "Iowa's Probate Code provides the adequate procedural safeguards required by *War Eagle* for all persons with an interest in the real estate wherein [Wells Fargo] seeks foreclosure." However, the Probate Code only requires that unknown heirs receive notice by publication "once each week for two consecutive weeks." Iowa Code § 633.230(1) (2017). Wells Fargo provided notice by publication once each week for three consecutive weeks, and it served notice on the GAL appointed to represent the unknown heirs. Thus, opening an estate as the court suggests would provide no greater notice than Wells Fargo has already provided.

Finding an estate need not be opened before foreclosure is consistent with the Iowa Land Title Standards. Standard 7.8(1) states:

> If a foreclosure court had in rem jurisdiction of the persons with an interest in the estate of a deceased borrower, and entered a decree of foreclosure, there is generally no need to open an estate for the deceased borrower. Under the doctrine of res judicata, a title problem can only arise in such a case if a person in interest objects to the procedure in the foreclosure case and the court upholds the objection.

Additionally, Standard 7.8(4) states, when there is no estate, "the foreclosure should name as defendants all known persons who are reasonably believed to have a right to inherit the property, and also all unknown persons with an interest in the estate." While the Iowa Land Title Standards do not have the force of law, Standard 7.8 describes the proper procedure for foreclosing on a mortgage granted by a now-deceased person. *See Tesdell v. Hanes*, 82 N.W.2d 119, 124 (Iowa 1957) ("[W]e are disposed to give serious consideration to these standards.").

We find Wells Fargo has provided sufficient notice to any unknown heirs, and the district court should not have denied the petition to quiet title on those grounds. We reverse the district court's decision and remand for further proceedings.[1]

**REVERSED AND REMANDED.**

---

[1] Our decision here is consistent with *U.S. Bank Nat'l Ass'n v. Parrott*, No. 17-0513, 2018 WL 3472194, at *3 (Iowa Ct. App. July 18, 2018), where we similarly found the district court abused its discretion by denying a default judgment in a foreclosure proceeding when no estate had been opened and the unknown heirs were served notice by publication.