**312**

Joan A. BENTLEY, Administrator of the
Estate of Henry J. Bentley, De-
ceased, Appellant,

v.

ALLEN–SHERMAN–HOFF PUMP CO. and
A–S–H Industries, Inc., Appellees.

No. 55117.

Supreme Court of Iowa.

Dec. 20, 1972.

Jasper W. Morgan, Clinton, and Gerald T. Sullivan, Cedar Rapids, for appellant.

Lane & Waterman, Davenport, for appellees.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES and HARRIS, JJ.

HARRIS, Justice.

Plaintiff's counsel was misled as he sought to serve defendant an original notice as specified under section 617.3, The Code. Counsel was thereby deterred from complying with the statute. Plaintiff appeals a ruling sustaining defendant's special appearance. We affirm.

A wrongful death action was filed March 7, 1970 against defendant, a Pennsylvania corporation which does business in Iowa. It is claimed defendant manufactured an industrial pump which later exploded causing the death of plaintiff's decedent.

Following service on the secretary of state of Iowa, plaintiff attempted to mail notification of the filing to defendant as provided by section 617.3, The Code. It provides in pertinent part as follows:

"Service of such process or original notice shall be made (1) by filing duplicate copies of said process or original notice with said secretary of state, together with a fee of five dollars, and (2) by mailing to the defendant and to each of them if more than one, by registered or certified mail, a notification of said filing with the secretary of state, the same to be so mailed within ten days after such filing with the secretary of state. *Such notification shall be mailed to each such foreign corporation at the address of its principal office in the state or country under the laws of which it is incorporated* and to each such nonresident person at his address in the state of his residence." (Emphasis added)

The mailing was attempted in reliance on telephone information given plaintiff's counsel by the corporation bureau of the department of state of Pennsylvania. After searching the records a department employee found and reported the certificate of incorporation issued January 3, 1938, a

corporation name change October 4, 1956 to A-S-H Industries, Inc. and a merger June 29, 1962 with Allen-Sherman-Hoff Pump Co. Counsel was told this was the extent of the department's records and that the principal business address for both merged corporations was 33 Sproul Road, Frazer, Pennsylvania. Notification was mailed to this address, return receipts were signed and returned to plaintiff's attorney.

Three months later and after the statutory period for commencement of actions had elapsed, a special appearance with supporting affidavit was filed by defendant. For the first time it was thereby indicated 33 Sproul Road, Frazer, Pennsylvania was not the defendant's address. Counsel promptly requested the corporation bureau to certify their records, confidently expecting to make a showing they were as he had been previously advised. Instead he received a copy of the "change of registered office" of A-S-H Industries, Inc. to 111 Wynnewood House, Wynnewood, Pennsylvania. This document was apparently overlooked by the employee of the corporation bureau who previously gave the other corporate address.

The error went undiscovered until this time by reason of still another misfeasance at the time the letter was delivered. The United States postal employee did not deliver the letter to the defendant addressee but handed it instead to Raymond Landes, an employee of another corporation. Landes signed the return receipt which was returned to · plaintiff's counsel. Landes notified an official of defendant corporation so that defendant did in fact ultimately come into possession of the letter. Plaintiff's counsel had no way of knowing Landes was never an employee of the defendant and that he was not authorized to act as defendant's agent.

It is apparent plaintiff's counsel acted responsibly in attempting service on defendant. He can not be faulted for the error of the agent of the corporation bureau.

Neither can he be faulted for relying on the misinformation in view of the receipt acknowledged by Landes. The question becomes whether counsel's freedom from fault will suffice to confer jurisdiction in an Iowa court over a foreign corporation.

I. We have previously explained the importance of complying with requirements of section 617.3, The Code:

"We have held in several decisions that this procedure is an extraordinary method for obtaining jurisdiction over the person of a defendant and that a statute permitting such service of notice must be clear and definite and there must be clear and complete compliance therewith before jurisdiction can be thus obtained." (Citations) Fagan v. Fletcher, 257 Iowa 449, 451, 133 N.W.2d 116, 117.

Appellant relies on cases which interpret an analogous though sharply contrasting section. Section 321.501, The Code, (nonresident motorists) requires notice:

"2. By mailing to the defendant, and to each of the defendants if more than one, within ten days after said filing with the commissioner, by restricted certified mail addressed to the defendant *at his last known residence or place of abode*, a notification of the said filing with the commissioner." (Emphasis added)

Our cases interpreting 321.501 are understandably more liberal in their requirements than those indicated in Fagan v. Fletcher, supra. Appellant relies heavily on Kraft v. Bahr, 256 Iowa 822, 828, 128 N.W.2d 261, 264 where we said:

" * * * To hold a minor variation in defendant's Christian name when he was personally served and knows he is the party referred to is a fatal defect, would be to allow an *ultra-technical* defect, one that in no way misleads defendant or deprives him of a substantial right, which in turn would defeat the ends of justice and circumvent

the purpose of our Rules of Civil Procedure, * * * ." (Emphasis added)

Appellant also seeks comfort in Ransom v. Sipple Truck Lines, Inc., 240 Iowa 466, 34 N.W.2d 590. Kraft and Ransom however were both interpretations of the more liberal section 321.501. They are interpretations of a statute which requires the mailing of notice of defendant's "last known residence or place of abode." The cases are not in point. Governing ourselves by the principles quoted above from Fagan v. Fletcher, supra, we are forced to conclude jurisdiction was not obtained over the defendant who did nothing to mislead anyone as to its whereabouts. On the contrary it appears defendant promptly and officially recorded its business address.

II. The fact that the employee of the other corporation actually did notify A-S-H Industries, Inc. of the pending litigation does not alleviate the statutory requirements of service. In Esterdahl v. Wilson, 252 Iowa 1199, 1206, 110 N.W.2d 241, 244 we said: " * * * It will not do to say it is sufficient if it appears he did in fact acquire notice of the action, although by some other method." Such an argument would approve service of notice by ordinary mail, by telegram, word of mouth or by reading of the suit in a newspaper. Jurisdiction must be acquired in the manner prescribed by law.

" * * * If service is made on a person not authorized to receive it, it is immaterial that he delivers it to the proper officer of the corporation, or advises that company of the services on him, or that the corporation has notice of the commencement or pendency of the action. What he may have said when served is also immaterial." 19 C.J.S. Corporations § 1312, p. 996.

Notwithstanding the unfortunate circumstances which misled plaintiff's counsel the procedure specifically required by section 617.3 was not clearly and completely complied with. These misfortunes were in no way the fault of defendant. They will not suffice to compensate for the wholly innocent failure to comply with the requirement of the statute. The judgment of the trial court must be and is

Affirmed.