**BUENA VISTA MANOR, Appellant,**

v.

**CENTURY MANUFACTURING COMPANY, Appellee.**

No. 2–56536.

Supreme Court of Iowa.

Aug. 28, 1974.

Rehearing Denied Oct. 10, 1974.

Paul W. Deck Law Offices, Sioux City, for appellant.

Paul J. Yaneff, Sioux City, for appellee.

Heard by MOORE, C. J., and LeGRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Plaintiff has appealed from trial court's order sustaining nonresident defendant's special appearance. The sole issue raised is whether plaintiff in giving defendant notice complied with the requirements of the long-arm statute, Code section 617.3. We conclude the trial court erred.

The material facts as shown by the pleadings, the special appearance, resistance thereto and affidavits are not disputed. Plaintiff, Buena Vista Manor, a nursing home in Storm Lake purchased a whirlpool from defendant, Century Manufacturing Company. A part broke on the whirlpool and caused injury to one of plaintiff's patients. Plaintiff's demand that defendant defend and settle the patient's damage action against plaintiff was refused and rejected. Plaintiff made a good faith settle-

ment with the patient and then brought action against defendant for indemnity or in the alternative, equitable contribution. To establish jurisdiction in the Buena Vista County District Court plaintiff was required to comply with the provisions of Code section 617.3. As material here it provides:

"* * * If such a person [a nonresident] commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such person for the purpose of service of process or original notice on such person under this Act, and shall be deemed to constitute the appointment of the secretary of state of Iowa to be the true and lawful attorney of such person upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract or tort * * *. The * * * committing of the tort shall be deemed to be the agreement of * * * such person that any process or original notice so served shall be of the same legal force and effect as if served personally upon such defendant within the state of Iowa.

\* \* \* \* \* \*

"Service of such process or original notice shall be made (1) by filing duplicate copies of said process or original notice with said secretary of state. * * * and (2) by mailing to the defendant * * * by registered or certified mail, a notification of said filing with the secretary of state, the same to be so mailed within ten days after such filing with the secretary of state. * * *. Proof of service shall be made by filing in court the duplicate copy of the process or original notice with the secretary of state's certificate of filing, and the affidavit of the plaintiff or his attorney of compliance herewith."

On October 27, 1972 plaintiff filed a properly prepared original notice of the action here involved with the secretary of

state. The secretary of state returned to plaintiff's attorney a certificate of such filing. On November 2, 1972 plaintiff by certified mail sent a notification of such filing, including a copy of the original notice, to defendant at its place of business. The envelope was addressed to Century Manufacturing Company, Owen Berthelsen, Agent for Service, Industrial Park, Aurora, Nebraska. Plaintiff's research had disclosed Owen Berthelsen was an officer and the designated service agent of defendant in Nebraska.

On November 20, 1972, plaintiff's letter was returned to its lawyer marked "unclaimed." On the next day, November 21, 1972, after additional inquiry and research, plaintiff's lawyer by certified mail again sent a copy of the original notice to defendant company. The envelope was addressed to Cal Berthelsen, Vice-President, Century Manufacturing Co., West Highway #34, R.R. #2, Aurora, Nebraska, 68818. A few days later plaintiff's attorney received the return receipt signed by Cal Berthelsen. Apparently, the notice sent November 21 was identical to the one sent on November 2, except plaintiff changed it to read that defendant had sixty days after receipt in which to appear.

The specific basis for defendant's special appearance stated the service was defective because the notice defendant actually received was mailed more than ten days after it was filed with the secretary of state. Defendant relies on strict construction of section 617.3.

■ We have consistently held that statutes, such as section 617.3, setting up an extraordinary method of securing jurisdiction over nonresidents of this state must be construed strictly. Matney v. Currier, Iowa, 203 N.W.2d 589, 593, and citations. And the nonresident is subject to such process only upon clear and complete compliance with the procedure established by the statute. Boyer v. Broadwater, Iowa, 168 N.W.2d 799, 800, and citations.

■ Plaintiff-appellant also relies upon the above legal propositions and claims clear and complete compliance with the statute. Plaintiff points out notice was filed with the secretary of state and proper mailing made to defendant within ten days thereafter. Plaintiff maintains the statute does not require proof of receipt or date of delivery of its certified letter to defendant. We find no such requirement in section 617.3.

■ However, it is apparent the legislature intended defendant would receive the certified letter. The only reason defendant failed to receive notice was beyond the control of plaintiff. Plaintiff then gave defendant notice of when, where and what to defend. The fact the second notice designated a different period for appearance was not in itself prejudicial to defendant and was in full compliance with due process requirements. Heeney v. Miner, 8 Cir., 421 F.2d 434, 438 (1970).

Code section 321.501, part of our nonresident motor vehicle long-arm statute, includes similar provisions to those of section 617.3 requiring filing of original notice and notification to defendant within ten days. Under almost identical facts as those in the case at bar we review our earlier holdings and analyze section 321.501 in Wolfs v. Challacombe, Iowa, 218 N.W.2d 564, filed May 22, 1974. Repetition here is unnecessary.

In Wolfs we hold filing of original notice and proper mailing of notification to defendant within ten days was sufficient compliance with the statute particularly in view of the fact defendant was given notice of where, when and what to defend after return of the "unclaimed" certified letter. For like holding see Heeney v. Miner, supra, 8 Cir., 421 F.2d 434.

Our holding in Wolfs mandates reversal of the lower court's order sustaining defendant's special appearance.

Reversed and remanded for further proceedings in the lower court.