■ JEAN M. DI SIMONE, Respondent, v GOOD SAMARITAN HOSPITAL et al., Appellants, et al., Defendants. [732 NYS2d 592] —In an action, *inter alia*, to recover damages for medical malpractice, the defendants Good Samaritan Hospital and Harvey Manes, M.D., P. C., separately appeal, as limited by their

briefs, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated September 26, 2000, as denied their respective motions pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

Having been served with 90-day notices pursuant to CPLR 3216, it was incumbent upon the plaintiff to comply with the notices by filing a note of issue or by moving, before the default date, to either vacate the notices or extend the 90-day period (*see, Hayden v Jones,* 244 AD2d 316). The plaintiff failed to do so. Accordingly, to avoid dismissal, the plaintiff was required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see, Baczkowski v Collins Constr. Co.,* 89 NY2d 499; *Gourdet v Hershfeld,* 277 AD2d 422). The plaintiff did not satisfy either requirement and, therefore, the appellants' motions should have been granted. Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.