■ IVY STUCKEY, Appellant, v WESTCHESTER COUNTY DEPARTMENT OF TRANSPORTATION et al., Respondents. [748 NYS2d 699] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered September 4, 2001, which granted the defendants' motion pursuant to CPLR 3216 to dismiss the complaint and denied her cross motion to vacate her default.

Ordered that the order is affirmed, with costs.

Having been served with a 90-day notice pursuant to CPLR 3216, it was incumbent upon the plaintiff to comply with the notice by filing a note of issue or by moving, before the default date, to either vacate the notice or extend the 90-day period (*see Baczkowski v Collins Constr. Co.,* 89 NY2d 499, 503; *Di Simone v Good Samaritan Hosp.,* 288 AD2d 252; *Papadopoulas v R.B. Supply Corp.,* 152 AD2d 552). The plaintiff failed to do so. Accordingly, to avoid dismissal, the plaintiff was required to demonstrate both a justifiable excuse for the delay in properly responding to the 90-day notice and the existence of a meritorious cause of action (*see Baczkowski v Collins Constr., Co. supra* at 503; *Di Simone v Good Samaritan Hosp., supra*). Under the circumstances presented here, including the four-year lack of prosecution of this case, the plaintiff did not demonstrate a justifiable excuse, and, therefore, the Supreme Court properly exercised its discretion in granting the motion to dismiss and denying the plaintiff's cross motion to vacate her default. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.