■ DAVID VEITSMAN, Appellant, v G & M AMBULETTE SERVICE, INC., Respondent. [827 NYS2d 270]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated November 16, 2004, which denied his motion, in effect, for leave to renew the defendant's prior motion to dismiss the complaint, which had been granted in an order of the same court dated July 6, 2004.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the propriety of the Supreme Court's denial of the motion, in effect, for leave to renew is properly before this Court on appeal (*see* CPLR 5515 [1]). "A motion for leave to renew must (1) be based upon new facts not offered on the prior motion that would change the prior determination and (2) set forth a reasonable justification for the failure to present such facts on the prior motion" (*O'Connell v Post*, 27 AD3d 631 [2006]; *see* CPLR 2221 [e]; *Renna v Gullo*, 19 AD3d 472, 473 [2005]). Here, the attorneys for the plaintiff's decedent failed to present any reasonable justification for initially misinforming the court and opposing counsel with regard to their client's status, for failing to correct that misinformation over a period of approximately four years, and for failing to present evidence of their client's true status on the prior motion, notwithstanding that the relevant facts were readily available at all times and easily ascertainable with the exercise of even minimal diligence. Under these circumstances, including the resulting substantial prejudice to the defendant, the Supreme Court properly denied the motion, in ef-

fect, for leave to renew (*see Yarde v New York City Tr. Auth.*, 4 AD3d 352, 353 [2004]; *LaRosa v Trapani*, 271 AD2d 506 [2000]; *Guerrero v Dublin Up Corp. of N.Y.*, 260 AD2d 435 [1999]).

The plaintiff's remaining contentions either are unpreserved for appellate review or without merit. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.