■ NYCTL 1999-1 Trust et al., Respondents, v 114 Tenth Avenue Assoc., Inc., Appellant, and Carlton Capital Corp., Intervenor-Respondent, et al., Defendants. [845 NYS2d 235]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered September 22, 2005, which, to the extent appealed from, denied the motion of defendant 114 Tenth Avenue Assoc., Inc. (114 Tenth Avenue) to vacate the judgment of foreclosure and sale and to set aside the resulting foreclosure sale, and order, same court and Justice, entered December 20, 2006, which denied 114 Tenth Avenue's motion to renew, unanimously affirmed, without costs.

The court properly denied 114 Tenth Avenue's motion to vacate the judgment of foreclosure and sale. The record establishes that 114 Tenth Avenue was properly served with notice of plaintiffs' foreclosure action in accordance with Business Corporation Law § 306, and the failure of 114 Tenth Avenue to receive service of process due to its breach of its responsibility to keep a current address on file with the Secretary of State does not constitute a reasonable excuse to vacate the judgment (*Cedeno v Wimbledon Bldg. Corp.*, 207 AD2d 297, 298 [1994], *lv dismissed* 84 NY2d 978 [1994]). 114 Tenth Avenue also otherwise failed to set forth a meritorious defense to the action.

Denial of the motion to renew was appropriate because contrary to 114 Tenth Avenue's position, *Jones v Flowers* (547 US 220 [2006]), decided after submission of the original motion, did not constitute a change in the law that would alter the court's prior determination (CPLR 2221 [e] [2]). The instant circumstances are readily distinguishable from *Jones*, which concerned the sufficiency of notice provided to an individual by a state government of a tax delinquency and of an impending tax sale of the individual's property, whereas here, process was served by a private actor upon 114 Tenth Avenue pursuant to Business Corporation Law § 306. The holding in *Jones* does not address the constitutionality of service of process on the Secretary of State as the designated agent of a corporation, nor is there any reason to believe that such service is unconstitutional. Furthermore, the new facts submitted by 114 Tenth Avenue in support of its motion to renew were readily available at the time the prior motion was made and 114 Tenth Avenue failed to provide a reasonable justification for failing to present these facts in support of its initial motion (CPLR 2221 [e] [3]; *Chelsea Piers Mgt. v Forest Elec. Corp.*, 281 AD2d 252 [2001]).

We have considered 114 Tenth Avenue's remaining contentions and find them unavailing. Concur—Lippman, P.J., Andrias, Williams, Buckley and Kavanagh, JJ.