■ STEPHEN BORT, Appellant, v YAKOV PERPER, Respondents, et al., Defendants. [918 NYS2d 151]—

The appeals from the orders dated May 27, 2004, and December 20, 2006, must be dismissed, since no appeal lies as of right from an order which does not decide a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal in view of the fact that a final judgment has been entered (*see generally Matter of Aho*, 39 NY2d 241, 248 [1976]). Additionally, the appeal from the order dated December 8, 2008, must be dismissed because the right of direct appeal therefrom

terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d at 248). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The order dated May 27, 2004, a compliance conference order, inter alia, directed the plaintiff to file a note of issue by November 30, 2004, and to provide certain discovery. That order stated that the failure to file a note of issue would result in dismissal of the action, and that the failure to comply with the discovery provisions "may result in dismissal of the action." A subsequent order of the Supreme Court, dated August 2, 2005, directed that a note of issue had to be filed by February 7, 2006. That order contained language identical to that in the order dated May 27, 2004, concerning the consequences of noncompliance. The plaintiff's counsel indicated his consent to both orders by signing his name on them. These two orders had "the same effect as a valid 90-day notice pursuant to CPLR 3216 " (*Mahler v Torres*, 25 AD3d 669, 670 [2006]; *see Rocha-Silva v St. John's Hosp.*, 70 AD3d 1025, 1025-1026 [2010]; *Koscinski v St. Joseph's Med. Ctr.*, 24 AD3d 421 [2005]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]).

The plaintiff failed to serve and file a note of issue by the dates certain, and did not move to extend the period to do so prior to the dates certain. He further failed to demonstrate a reasonable excuse for the failure to timely file the note of issue or to timely move to extend the period to file a note of issue, and failed to demonstrate that he had a potentially meritorious cause of action (*see Rocha-Silva v St. John's Hosp.*, 70 AD3d at 1026; *Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d 783, 784 [2008]; *Werbin v Locicero*, 287 AD2d 617, 618 [2001]). In addition, the plaintiff failed to fully comply with the orders of the Supreme Court directing discovery. In particular, the record indicates that the plaintiff provided only six of the required authorizations for medical information. The plaintiff's failure to comply hampered the ability of the defendants Yakov Perper and Maimonides Medical Center (hereinafter together the defendants) to meaningfully conduct depositions. Moreover, the plaintiff never moved to strike all or part of the demands for authorizations or discovery, and did not timely object to the demands (*see Kroll v Parkway Plaza Joint Venture*, 10 AD3d 633, 634 [2004]). Accordingly, the Supreme Court properly dismissed the action pursuant to CPLR 3216 insofar as asserted against the defendants (*see Petersen v Lysaght, Lysaght & Kramer, P.C.*, 47 AD3d at 783; *cf. Donegan v St. Joseph's Med. Ctr.*, 283 AD2d 152, 153 [2001]).

In any event, based on the plaintiff's repeated refusal to fully comply with court orders directing discovery, and the inadequate excuses for his failure to do so, which were willful and contumacious, the Supreme Court correctly also dismissed the action pursuant to CPLR 3126 (3) insofar as asserted against the defendants (*see Kyung Soo Kim v Goldmine Realty, Inc.*, 73 AD3d 709 [2010]; *Nunez v City of New York*, 37 AD3d 434, 434-435 [2007]; *Kuzmin v Visiting Nurse Serv. of N.Y.*, 22 AD3d 643, 643-644 [2005]; *Mendez v City of New York*, 7 AD3d 766, 767 [2004]; *Yona v Beth Israel Med. Ctr.*, 285 AD2d 460, 461 [2001]).

The facts asserted by the plaintiff with respect to that branch of his motion which was for leave to renew were available to him at the time he originally moved, inter alia, to restore the action, and would not have changed the prior determination. In addition, the plaintiff failed to provide a reasonable justification for not presenting such facts on the prior motion (*see Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc.*, 71 AD3d 628 [2010]; *NYCTL 1999-1 Trust v 114 Tenth Ave. Assoc., Inc.*, 44 AD3d 576, 577 [2007]; *Veitsman v G & M Ambulette Serv., Inc.*, 35 AD3d 848, 848-849 [2006]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew.

The plaintiff's remaining contentions either need not be addressed in light of our determination or are without merit. Skelos, J.P., Eng, Hall and Lott, JJ., concur.