# IN THE SUPREME COURT OF IOWA

No. 10–1677

Filed June 29, 2012

**L.F. NOLL INC.,**

Appellee,

vs.

**DOPE EVIGLO,**

Appellant.

Appeal from the Iowa District Court for Woodbury County, Mary Jane Sokolovske, Judge.

Appellant alleges the district court erred in denying his motion to quash garnishment. **REVERSED AND CASE REMANDED.**

Andrea Hiatt Buckley of Iowa Legal Aid, Sioux City, for appellant.

Jessica R. Noll, Sioux City, for appellee.

**APPEL, Justice.**

In this case, the plaintiff L.F. Noll filed an action against defendant Dope Eviglo, a resident of Nebraska, for damages related to the termination of an apartment lease in Sioux City, Iowa where Eviglo formerly resided. L.F. Noll attempted to serve notice under Iowa's long-arm statute, Iowa Code section 617.3 (2007), by certified mail at a forwarding address provided by Eviglo upon the termination of his tenancy in the apartment. The notice, however, was returned by postal authorities with the annotation "Attempted—Not Known" and "Unable to Forward." L.F. Noll took no further action to achieve service, and the district court entered a default judgment against Eviglo. Based on the default judgment, L.F. Noll sought to garnish Eviglo's wages at his Nebraska employer. Eviglo sought to quash the garnishment on the ground that L.F. Noll failed to comply with the requirements of Iowa Code section 617.3 in connection with the underlying action that produced the default judgment. In the alternative, Eviglo argued that Iowa Code section 617.3 is unconstitutional as applied in this case on due process and equal protection grounds. An associate district court judge denied Eviglo relief, and the district court affirmed. Eviglo appealed. For the reasons expressed below, we reverse the judgment of the district court.

## I. Factual and Procedural History.

In March 2006, Dope Eviglo and Bisse Ndim entered into a six-month lease with Candlewick Apartments. Eviglo and Ndim renewed their lease for an additional six months, but moved out three months early. At the time of termination of the lease, Eviglo and Ndim signed a document entitled "NOTICE TO VACATE APARTMENT." The notice generally provided information about a move-out inspection and procedure related to return of a security deposit. The notice declared

that the signatories understood that if they did not supply management "with a mailing address or instructions" within one year of the termination of the tenancy, the security deposit would revert to the landlord. The forwarding address provided on the notice was 2242 Florence Boulevard, Omaha, Nebraska, 68110.

On October 2, 2007, L.F. Noll, an assignee of Candlewick Apartments, filed an action in small claims court for $1662.65, plus interest, against Eviglo and Ndim. L.F. Noll sent original notice to the Iowa Secretary of State and attempted to serve notice of the filing by certified mail to Eviglo and Ndim. The notice addressed to Eviglo was sent to the Florence Boulevard address in Omaha. The notice was returned by postal authorities as "Attempted—Not Known" and "Unable to Forward."

Judgment was entered against both Eviglo and Ndim on January 28, 2008. After entry of judgment, L.F. Noll garnished Eviglo's wages from Tyson Fresh Meats, Inc. in Dakota City, Nebraska. On January 27, 2010, Eviglo filed a motion to quash garnishment. Eviglo argued the judgment entered against him was void because L.F. Noll failed to comply with Iowa Code section 617.3 when it attempted to serve process on him. Eviglo also raised facial and as-applied challenges to the constitutionality of Iowa Code section 617.3 under the Due Process and Equal Protection Clauses of the Iowa and United States Constitutions. The small claims court overruled the motion to quash, and Eviglo appealed to the district court.

The district court affirmed. The district court reasoned that L.F. Noll satisfied the requirements of Iowa Code section 617.3 because it mailed service by certified mail to the forwarding address Eviglo provided to Candlewick Apartments in the notice to vacate. Additionally, the court

held that section 617.3 does not require notification to be delivered or rejected by the addressee. Instead, according to the district court, section 617.3 is satisfied so long as the address used was reasonably calculated to give notice. The district court also rejected Eviglo's due process claim, reasoning that the statute is reasonably calculated to apprise the defendant of notice. Further, the district court concluded Eviglo's equal protection claim failed because the statute did not infringe on a fundamental interest and had a rational basis for imposing different notice requirements on residents and nonresidents. Eviglo applied for discretionary review, which we granted.

## II. Standard of Review.

The district court's interpretation of a statute is reviewed for correction of errors at law. *State v. Madison*, 785 N.W.2d 706, 707–08 (Iowa 2010).

## III. Discussion of Statutory Claim.

**A. Introduction.** The statutory claim in this case focuses on the language of the Iowa long-arm statute, which provides, in relevant part:

> Service of such process or original notice shall be made (1) by filing duplicate copies of said process or original notice with said secretary of state . . . and (2) by mailing to the defendant . . . *by registered or certified mail*, a notification of said filing with the secretary of state . . . . Such notification shall be mailed . . . to each such nonresident person *at an address in the state of residence.*

Iowa Code § 617.3 (emphasis added).

Eviglo contends that under the statute, the term "an address" must mean a "valid address." In this case, Eviglo argues, the certified letter was returned because the address was an invalid address, at least for the purpose of attempting to serve Eviglo with the notice. Eviglo claims that our case of *Barrett v. Bryant*, 290 N.W.2d 917 (Iowa 1980) and a decision of the court of appeals, *Calinger v. Konz,* No. 05-0041,

2006 WL 2418910 (Iowa Ct. App. Aug. 23, 2006), support his argument. In *Barrett*, we concluded, as to one defendant, that service was invalid under the long-arm statute where notice was sent to an address where the defendant did not live. *Barrett*, 290 N.W.2d at 922. A similar result occurred in *Calinger*, where notice was sent to a location where a putative defendant had no demonstrable connection. *Calinger*, 2006 WL 2418910, at *3 n.3.

In the alternative, Eviglo argues that in order for service to be perfected, the return receipt must either be signed or refused. In support of this argument, Eviglo cites our decision in *Emery Transportation Co. v. Baker*, 254 Iowa 744, 119 N.W.2d 272 (1963) and *Calinger*. In *Emery*, we held under our nonresident motorist statute that service must be achieved either through actual delivery or offered delivery of the notification. *Emery*, 254 Iowa at 750, 119 N.W.2d at 276–77.

L.F. Noll recognizes that under *Barrett*, "clear and complete compliance" with the statutory requirements of Iowa Code section 617.3 is required. *Barrett*, 290 N.W.2d at 922. L.F. Noll asserts that nothing in the language of Iowa Code section 617.3 requires actual notice. L.F. Noll emphasizes that service was attempted at an address which was provided by the defendant to which the defendant had a connection. As a result, L.F. Noll distinguishes *Bryant* and *Calinger*. Further, L.F. Noll distinguishes *Emery*, noting that the statutory language in the nonresident motorist statute varies significantly from that in Iowa Code section 617.3.

**B. Overview of Iowa Law.** We begin our discussion by recognizing a strongly held and frequently repeated principle that we strictly construe statutes providing extraordinary methods of securing jurisdiction over nonresidents. *See Buena Vista Manor v. Century Mfg.*

*Co.*, 221 N.W.2d 286, 288 (Iowa 1974) (citing *Matney v. Currier*, 203 N.W.2d 589, 593 (Iowa 1973)).  It is thus not surprising that our cases regarding service under Iowa Code section 617.3 reflect the view that extraordinary service of process must be carefully circumscribed by the courts.

We have had only a few occasions to interpret the notice requirement in Iowa's long-arm statute, Iowa Code section 617.3.  The first case of significance is *Bentley v. Allen-Sherman-Hoff Pump Co.*, 203 N.W.2d 312 (Iowa 1972).  In this case, the plaintiff attempted to serve notice at the home office of a corporation at an address informally provided by an employee in the secretary of state's office in a foreign state.  *Bentley*, 203 N.W.2d at 312.  Although the corporation had moved to another location and had filed an appropriate change of address document with the foreign secretary of state, the employee providing the address to the plaintiff overlooked the change.  *Id.* at 313.  Nonetheless, the notice sent to the wrong address was accepted by an employee of a stranger corporation located at the address and was forwarded by the employee to the defendant corporation.  *Id.*  Thus, actual notice was achieved, albeit not by service "at the address of [the defendant corporation's] principal office."  *Id.* at 312.

We held in *Bentley* that the service was invalid.  *Id.* at 314.  Citing *Esterdahl v. Wilson*, 252 Iowa 1199, 1206, 110 N.W.2d 241, 244 (1961), we reasoned that if we took a contrary approach, we "would approve service of notice by ordinary mail, by telegram, word of mouth or by reading of the suit in a newspaper."  *Bentley*, 203 N.W.2d at 314.  Instead, we insisted that jurisdiction must be achieved as provided by law.  *Id.*

Our next notice case under the long-arm statute is *Buena Vista.* In this case, the first attempt at notice on a nonresident company was returned "unclaimed." *Buena Vista,* 221 N.W.2d at 288. The plaintiff did additional research, found a better address, and served another notice. *Id.* On this second attempt, the notice was served on the defendant and the plaintiff received a return receipt. *Id.* The defendant claimed that his notice was not received within ten days of filing with the secretary of state under the statute. *Id.*

We held that while the statute appeared to contemplate actual receipt, the ten-day period should be measured from the date of mailing of the first letter. *Id.* We stressed, however, that under the statute "it is apparent the legislature intended defendant would receive the certified letter." *Id.* We emphasized that the defendant was in fact notified of when, where, and what to defend. *Id.* As a result, service was proper under the statute.

Our next long-arm case is *Barrett.* In this case, three defendants (Al Bryant, B.J. Cherry and Preston Webb) challenged the manner in which notice was served under the long-arm statute. *Barrett,* 290 N.W.2d at 921. Bryant argued that service was sent to a wrong address for him, and that while the spouse of a codefendant lived at the address and signed for him, he did not authorize her to accept service. *Id.* at 922. Cherry challenged service that was sent to a wrong post office box in a one post office town with a total population of 668. *Id.* Webb claimed service was ineffectual where it was addressed to Box 357 instead of Box 357-B and was returned unclaimed. *Id.* Webb, however, did not deny receipt of the notice of the delivery attempt. *Id.*

We held that service as to Bryant was invalid. *Id.* We noted that when notice is sent to a wrong address where the defendant does not

live, the notice is invalid. *Id.* We upheld the notices, however, as to Cherry and Webb. *Id.* In the case of Cherry, we noted that service to a wrong post office box in a small town would not likely affect delivery. *Id.* With respect to Webb, we held that sending a notice to Box 357 instead of 357-B was still service "at his address in his state of residence" and when he refused to claim the mail, notice could be charged to him. *Id.*

Language in *Barrett*, however, seemed to qualify the observations in *Buena Vista*. According to the *Barrett* court, there was no requirement that the notification of filing be actually received for jurisdiction to be acquired. *Id.*

In addition to cases involving our long-arm statute, we have decided several other notice cases under other statutes. In *Emery*, we considered a case in which notice sent by restricted registered mail under our nonresident motorist statute was served but "unclaimed." *Emery*, 254 Iowa at 747, 119 N.W.2d at 274. Under Iowa Code section 321.501 (1954), notice was required to be served "by restricted registered mail addressed to the defendant at his last known address." *Id.* (internal quotation marks omitted). Further, Iowa Code section 321.505 stated that the proof of the mailing, "including the return registry receipt," must be filed in the district court. *Id.* at 748, 119 N.W.2d at 275 (internal quotation marks omitted).

We held in *Emery* that under the applicable statutes, there must be a showing of actual or offered delivery. *Id.* at 751, 119 N.W.2d at 277. We noted a distinction between an "unclaimed" notice and a refusal to accept the notice. *Id.* at 750–51, 119 N.W.2d at 277. We emphasized that the act of timely mailing a notification, properly addressed by restricted registered mail, does not end the obligation under the statute. *Id.* The *Barrett* court, however, distinguished *Emery*, indicating that

language in the nonresident motorist statute required receipt. *Barrett*, 290 N.W.2d at 922.

We also considered statutory requirements under our farm tenancy statute in *Escher v. Morrison*, 278 N.W.2d 9 (Iowa 1979). The applicable statute, Iowa Code section 562.7(3), provided that service be sent to a party "at his last known address . . . by restricted certified mail." Iowa Code § 562.7(3) (1977); *Escher*, 278 N.W.2d at 10. In *Escher*, the notice was sent to P.O. Box 74 instead of P.O. Box 113. *Id.* The notice was returned "unclaimed." *Id.*

We held in *Escher* that service was ineffective. We noted that the statute required notice by "restricted certified mail." *Id.* at 11. While we reasoned that refusal to accept the notice will not defeat a landlord's effort to terminate a farm lease, service is incomplete where the notice is returned "unclaimed." *Id.* Justice McCormick dissented, arguing that notice is complete upon mailing and that the statute does not require actual receipt. *Id.* at 11–12 (McCormick, J., dissenting).

**C. Discussion.** As we see it, the principal question of statutory interpretation is what constitutes "an address in the state of residence" under our long-arm statute, Iowa Code section 617.3 (2007). The phrase "an address" is not self-defining. No one would contend that "an" address under the statute means "any" address in the state of residence. An address to which the defendant has no connection clearly would not satisfy the statute. On the other hand, no one would argue that a location where the defendant is currently residing fails to qualify as "an address" under the statute. In this case, however, we are called upon to determine whether a location listed as a "forwarding address" for purposes of refunding a security deposit provided ten months prior to service amounts to "an address" under the statute when a notice served

by certified mail is returned "Attempted—Not Known" and "Unable to Forward."

This statutory question is distinct from and should not be confused with the constitutional question of whether service under the statute comports with due process. Service may be invalid under the statute even though it comports with due process. Conversely, service valid under the statute may run afoul of due process if it offends notions of fundamental fairness.

We begin our analysis by noting that the meaning of the term "an address" depends on the context in which it is used. *In re Marriage of Johnson*, 781 N.W.2d 553, 556 (Iowa 2010). For example, "an address" for purposes of a nominations petition means residence, not a post office box or business address or address of an agent. *Pierce v. Peters*, 599 S.W.2d 849, 850–51 (Tex. Civ. App. 1980), *superseded by statute on other grounds as stated in In re Bell*, 91 S.W.3d 784, 786 (Tex. 2002). Yet, for purposes of contacting a claimant, an address might include a mail address and does not necessarily mean a residence. *Stewart v. City of Rio Vista*, 164 P.2d 274, 275 (Cal. Ct. App. 1945). In still another context, "addresses" in a statute related to disclosure of membership rosters for nonprofit entities might be broad enough to include e-mail addresses. *Worldmark v. Wyndham Resort Dev. Corp.*, 114 Cal. Rptr. 3d 546, 557–58 (Ct. App. 2010). In short, we believe the meaning of the somewhat ambiguous term "address" in Iowa Code section 617.3 turns on the function that is to be accomplished.

Here, the function to be accomplished is service of notice by registered or certified mail. Iowa Code § 617.3. In order to achieve effective service by registered or certified mail, the person being served must be present either at the time of delivery or in sufficient time to

respond to a notice of attempted delivery. Therefore, "an address" for purposes of Iowa Code section 617.3 must mean a place where a person is physically present and thus can be effectively served with registered or certified mail.

At the time of the certified mailing in this case, the address was not a place where Eviglo could be found for purposes of receipt of the notice. The mail at the address was returned "Attempted—Not Known" and "Unable to Forward." According to the United States Postal Service (USPS), the phrase "Attempted—Not Known" means "[d]elivery attempted, addressee not known at place of address." United States Postal Service, *Domestic Mail Manual* § 507.1.4.1, at 801 (2007), *available at* pe.usps.com/archive/pdf/dmmarchive20070717/mailingstandards.pdf [hereinafter *Domestic Mail Manual*]; *see also* 39 C.F.R. § 111.1 (West, Westlaw through June 14, 2012) (incorporating by reference the USPS *Domestic Mail Manual*); *Emery*, 254 Iowa at 748, 119 N.W.2d at 275 (taking judicial notice of explanation of postal department procedure for purposes of discussion). The USPS further states that the designation "Unable to Forward" means that the "[m]ail [is] undeliverable at address given; no change-of-address order on file; forwarding order expired." *Domestic Mail Manual* § 507.1.4.1, at 801.

The designations "Attempted—Not Known" and "Unable to Forward" differ from "Unclaimed" or "Refused." An "Unclaimed" designation means that the addressee "abandoned or failed to call for mail." *Id.* If mail is listed as "Refused," it means the addressee "refused to accept mail or pay postage charges on it." *Id.*

Keeping in mind our longstanding view that the long-arm statute is to be strictly construed, and consistent with its underlying purposes, we believe the best interpretation of Iowa Code section 617.3 is that "an

address" for purposes of the statute means a place where the person being served with registered or certified mail can be found. In this case, Eviglo at the time of service could not be found at the address. Therefore, it was not a valid address under the statute. When mail is returned "Attempted—Not Known" and "Unable to Forward," Iowa Code section 617.3 requires the party to take additional steps to achieve service, namely, resend the notice to a valid address where the defendant may effectively be served by registered or certified mail or achieve personal service pursuant to the Iowa Rules of Civil Procedure. *See* Iowa R. Civ. P. 1.305.

We would come to a different view if the defendant refused service or left it unclaimed. Under our caselaw, we have held that actual receipt is not required and that refusal to accept or to claim registered or certified mail at a valid address will not defeat service. *Barrett*, 290 N.W.2d at 922. But we do not believe the statute contemplates effective service at "an address" where the defendant is not present to receive it. Our interpretation of the term "an address" is also reinforced by the doctrine of constitutional avoidance. In *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006), the Supreme Court considered a tax forfeiture case where notice of a tax sale was attempted by certified mail but the notice was returned "unclaimed." In an opinion by Chief Justice Roberts, the Supreme Court compared the return of a certified letter as "unclaimed" to watching a postal employee accidentally drop the letter down a storm drain. *Jones*, 547 U.S. at 229, 126 S. Ct. at 1716, 164 L. Ed. 2d at 427–28. The majority reasoned that a party "desirous of actually informing the owners" would not simply give up at this point and say "I tried," but would take further steps to achieve effective service. *Id.* (citation and internal quotation marks omitted); *see*

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652, 657, 94 L. Ed. 865, 874 (1950). The majority rejected the view that due process should be viewed solely at the point of the mailing of the certified letter, noting that at the time of mailing, the sender was aware of the possibility that notification of a failure to deliver could be received. *Jones*, 547 U.S. at 230–31, 126 S. Ct. at 1716–17, 164 L. Ed. 2d at 429. Although the majority did not specifically prescribe what additional step would be required, due process required some kind of additional effort, such as an attempt to achieve service by regular mail. *Id.* at 234–36, 126 S. Ct. at 1718–19, 164 L. Ed. 2d at 430–32.

There is a question whether the principle in *Jones* extends to a case involving an effort by a private party to obtain a money judgment against another private party. Some lower federal caselaw seems to limit the application of *Jones* in cases involving government initiated forfeitures. *See, e.g., Williams v. Cheyenne Crossing Residential Ass'n, Inc.*, No. 4:10cv34, 2010 WL 5287509, at *3 (E.D. Tex. Dec. 17, 2010). Other lower federal courts have at least reviewed *Jones* principles in cases involving private interests. *Yi Tu v. Nat'l Transp. Safety Bd.*, 470 F.3d 941, 945–46 (9th Cir. 2006) (failed notice by registered mail insufficient in connection with suspension of pilot's license); *Orix Fin. Servs. v. Phipps*, No. 91 Cv. 2523(RPP), 2009 WL 30263, at *10 (S.D.N.Y. Jan. 6, 2009) (default judgment entered against spouse in connection with loan guarantee). State appellate courts have also reached mixed results on the application of *Jones* in cases involving private disputes. *Compare Harris v. Northbrook Condo. II*, 44 A.3d 293, 298–99 (D.C. 2012) (stating foreclosure sale of owner's condo involved only private parties and therefore due process not implicated), *and NYCTL 1999-1 Trust v. 114 Tenth Ave. Assoc., Inc.*, 845 N.Y.S.2d 235, 237 (App. Div. 2007)

(same); *with Griffin v. Bierman,* 941 A.2d 475, 482–85 (Md. 2008) (applying *Jones* in context of private foreclosure).

Some state court cases have applied *Jones* in the context of actions for money judgments. In particular, in *Bloodgood v. Leatherwood,* 25 So. 3d 1047, 1050–51 (Miss. 2010), the Mississippi Supreme Court, relying on *Jones* principles, found service via certified mail upon a nonresident defendant inadequate when it was returned "unclaimed/refused." *See also Genoff Farms, Inc. v. Seven Oaks S., LLC,* 249 P.3d 526, 531–32 (Okla. Civ. App. 2010) (applying *Jones* in contract action to find inadequate service under long-arm statute).

We relied upon *Jones* in *War Eagle Village Apartments v. Plummer,* 775 N.W.2d 714, 721 & n.2 (Iowa 2009), a case involving private parties. In *War Eagle,* we determined that use of certified mail where there was a very short time frame between notice and the hearing violated due process under the Iowa Constitution. *War Eagle,* 775 N.W.2d at 721. We noted in a footnote citing *Jones* that "[w]e also look at whether there are other reasonable steps the landlord could have taken" to achieve actual notice. *Id.* at 721 n.2. Rather than reach the constitutional issue, however, the doctrine of constitutional avoidance suggests that the proper course in the construction of a statute is to steer clear of potential constitutional shoals if possible. *See Simmons v. State Pub. Defender,* 791 N.W.2d 69, 74 (Iowa 2010); *State v. Nail,* 743 N.W.2d 535, 539 (Iowa 2007); *State v. Bower,* 725 N.W.2d 435, 441 (Iowa 2006). Our interpretation of Iowa Code section 617.3 is consistent with our general desire to avoid constitutional adjudication where possible.

### IV. Conclusion.

For the above reasons, we hold that the underlying default judgment that gave rise to the garnishment in this case is void for lack of

personal jurisdiction over the defendant as provided in Iowa Code section 617.3. As a result, the motion to quash the garnishment in this case should have been granted. We therefore vacate the order of the district court and remand with instructions to grant the motion to quash.

**REVERSED AND CASE REMANDED.**