■ Chariklia Apladenaki, Appellant, v Greenpoint Mortgage Funding, Inc., et al., Respondents, et al., Defendants. [986 NYS2d 589]—

In an action, inter alia, to set aside a mortgage, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), entered February 7, 2012, as granted the motion of the defendants Greenpoint Mortgage Funding, Inc., and Mortgage Electronic Registration Systems, Inc. (MERS), pursuant to CPLR 3126 and 3216 to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The determination whether to strike a pleading for failure to comply with court-ordered disclosure lies within the sound discretion of the trial court" (*Fishbane v Chelsea Hall, LLC*, 65 AD3d 1079, 1081 [2009]). "However, the drastic remedy of striking a pleading pursuant to CPLR 3126 should not be imposed unless the failure to comply with discovery demands or orders is clearly willful and contumacious. Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply or a failure to comply with court-ordered discovery over an extended period of time" (*Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 923 [2012] [internal quotation marks and citations omitted]; *see Rock City Sound, Inc. v Bashian & Farber, LLP*, 83 AD3d 685, 686-687 [2011]). Here, the plaintiff's repeated failure to appear for a deposition, coupled with her failure to proffer a reasonable excuse for that failure, supports an inference that her conduct was willful and contumacious (*see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d at 924; *Bort v Perper*, 82 AD3d 692, 695 [2011]). Accordingly, the Supreme Court properly granted that branch of the motion of the defendants Greenpoint Mortgage Funding, Inc., and Mortgage Electronic Registration Systems, Inc. (MERS) (hereinafter together the respondents), which was pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them.

Moreover, the Supreme Court also properly granted that branch of the respondents' motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for want of prosecution. Although the action had previously been on the trial calendar (*see Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d 975 [2014] [decided herewith]), it was stricken therefrom, necessitating the filing of a new note of issue. After having been served with a 90-day notice to resume prosecution of the action pursuant to CPLR 3216, the plaintiff failed to file a note of issue, move to vacate the notice, or move

for an extension of the 90-day period. Therefore, in opposition to the respondents' motion, the plaintiff was required to provide a justifiable excuse for the delay in properly responding to the 90-day notice and to demonstrate a meritorious cause of action (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Amato v Commack Union Free School Dist.*, 32 AD3d 807 [2006]; *Stuckey v Westchester County Dept. of Transp.*, 298 AD2d 577, 578 [2002]). However, the plaintiff failed to demonstrate a justifiable excuse for her failure to timely file a note of issue, or to timely move to extend the period to file a note of issue (*see Bort v Perper*, 82 AD3d at 694; *Gomez v Gateway Demolition Corp.*, 293 AD2d 649, 650 [2002]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.