# IN THE COURT OF APPEALS OF IOWA

No. 19-1723
Filed January 21, 2021

**KATELYN EIKENBERRY,**
    Plaintiff-Appellant,

**vs.**

**SAMANTHA OWENS and AMERICAN FAMILY MUTUAL INSURANCE CO.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Pottawattamie County, Amy Zacharias, Judge.

Katelyn Eikenberry appeals the dismissal of her negligence petition as to Samantha Owens.  **AFFIRMED.**

Thomp J. Pattermann of Law Office of Gallner & Pattermann, P.C., Council Bluffs, for appellant.

Marshall W. Tuttle of Peddicord Wharton, LLP, West Des Moines, for appellee Samantha Owens.

Lyssa Henderson, West Des Moines, for appellee American Family Mutual Insurance Co.

Considered by Mullins, P.J., May, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MULLINS, Presiding Judge.**

On December 5, 2018, Katelyn Eikenberry, an Iowa resident, filed suit against Samantha Owens, a Nebraska resident, alleging negligence in relation to a December 2016 automobile collision. In August 2019, Owens filed a motion to dismiss pursuant to Iowa Rule of Civil Procedure 1.302(5), alleging she was never served with the original notice and petition. Eikenberry resisted. The resistance and its attachments disclose the original notice and petition were filed with the Iowa Department of Transportation (DOT) on December 27, 2018; a non-resident notification was mailed to Owens by regular and certified mail on January 12, 2019; and the certified mailing was returned to Eikenberry's counsel on March 4, stating, "attempted—not known, unable to forward," but the regular mailing was never returned. Owens replied Eikenberry failed to cause mailing by restricted certified mail to her within ten days of notice of filing the original notice with the DOT, as required by Iowa Code section 321.501(2) (2018). Following an unreported hearing, the court granted the motion to dismiss and this appeal followed.

The requirements of section 321.501 must be strictly complied with. *Emery Transp. Co. v. Baker*, 119 N.W.2d 272, 274–75 (Iowa 1963). A plaintiff in actions against nonresidents "shall cause the original notice of suit to be served" by mailing by restricted certified mail a notification of filing notice of suit with the DOT within ten days after filing notice with the DOT. Iowa Code § 321.501(2). "[T]here must be a showing of actual or offered delivery." *L.F. Noll Inc. v. Eviglo*, 816 N.W.2d 391, 395 (Iowa 2012). Eikenberry admittedly failed to mail the notice to Owens within ten days. While Eikenberry argues the regular mailing was not returned as undeliverable, hence suggesting Owens received it, "[o]ur supreme court has

identified the restricted certified mail method of service required by section 321.501 as 'extraordinary in character,' and has stated that it 'must be strictly followed.'" *Butler v. Nalvanko*, No. 0-984, 2011 WL 441483, at *3 (Iowa Ct. App. Feb. 9, 2011) (quoting *Esterdahl v. Wilson*, 110 N.W.2d 241, 243 (Iowa 1961)). We conclude the deficient service was insufficient to confer jurisdiction on the district court.

Eikenberry goes on to argue good cause exists to warrant additional time and/or an alternate manner of service. *See* Iowa R. Civ. P. 1.302(5). But Eikenberry does not appear to have made this argument to the district court and, if she did, the court did not address it in its ruling, so we agree with Owens that Eikenberry failed to preserve error. *See, e.g.*, *33 Carpenters Constr., Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 76 (Iowa 2020) ("We are a court of *review*, and we do not generally decide an issue that the district court did not decide first.").

We affirm the dismissal of Eikenberry's petition as to Owens.

**AFFIRMED.**