# IN THE COURT OF APPEALS OF IOWA

No. 24-0977
Filed April 9, 2025

**BANLEACO, INC.,**
        Plaintiff-Appellee,

**vs.**

**YULIYA WHITE,**
        Defendant-Appellant,

_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

A Florida resident appeals the district court's denial of her motion to vacate a default judgment against her in a breach-of-contract action. **AFFIRMED.**

Yuliya White, Bradenton, Florida, self-represented appellant.

Brandon M. Hanson and William M. Reasoner of Dickinson, Bradshaw, Fowler & Hagen, P.C., Des Moines, for appellee.

Considered without oral argument by Tabor, C.J., and Schumacher and Chicchelly, JJ.

**TABOR, Chief Judge.**

Representing herself, Yuliya White challenges the district court's denial of her motion to vacate a default judgment. That judgment found White and Genesis Cosmetic Laser Center, LLC, jointly and severally liable for roughly $59,000 in payments due under an equipment financing agreement with Banleaco, Inc. Their agreement included a forum-selection clause allowing jurisdiction in Polk County.

White now disputes the court's personal jurisdiction, alleging she was not properly served in Florida under the service provisions of Iowa's "long-arm" statute. She also claims that the district court was precluded from relying on the forum-selection clause because the agreement was a contract of adhesion. Finally, she faults the district court for not reaching the merits of her other grounds for voiding the contract. Because service was proper under Iowa Code section 617.3 (2023) and the court had personal jurisdiction over White under the financing agreement, we affirm the district court's decision to uphold the default judgment.

## I. Facts and Prior Proceedings

In September 2022, White signed a financing agreement with lender Banleaco to buy equipment for Genesis. White also executed a guaranty of payment and performance acknowledging that Banleaco could proceed directly against her without proceeding against Genesis. In addressing the "governing law and choice of forum," the agreement stated that Iowa law would apply to any disputes and the signers agreed that personal jurisdiction existed in Polk County.

Fourteen months later, Banleaco sued, alleging that Genesis was more than $59,000 behind in its payments. The petition sought that amount, plus interest and attorney fees, from both Genesis and White, individually. In December 2023,

Banleaco sent White—by certified mail—copies of its petition and original notice to the Columbia, South Carolina, address listed on the guaranty that she signed. The postal service forwarded those mailings to her new address in Bradenton, Florida—but they went unclaimed. Also in December, to comply with Iowa Code section 617.3, Banleaco's counsel filed copies of the original notice and attached petition with the Iowa Secretary of State.

White did not respond to Banleaco's petition. So, on February 7, Banleaco sent a notice of intent to apply for a default judgment if no action was taken within ten days. Receiving no response, thirteen days later, Banleaco made its request. The district court then entered default judgment against Genesis and White on February 27.

Come April, White moved to vacate the default judgment and to void the financing agreement. In her pro se filing, she alleged that the court lacked personal jurisdiction because she did not operate a business in Iowa and had never resided in Iowa. She also contested Banleaco's compliance with the service requirements under section 617.3. She attached an affidavit to her motion stating that before receiving the default judgment, she "never received any paperwork" about the lawsuit. Banleaco resisted her motion, alleging that it met the requirements for service under section 617.3. The lender also asserted that personal jurisdiction over White existed because of a provision in their financing agreement.

The court heard the matter in May 2024. In a written ruling, the court found that Banleaco complied with section 617.3 in serving process on Genesis and White. The court also noted:

> The contract between plaintiff, Genesis, and White provided that venue on any claim arising from the contract was in Polk County, Iowa. The contract also provided that White and Genesis agreed that the State of Iowa had personal jurisdiction over her on any claim arising out of a dispute in the contract.

As its bottom line, the court found the default judgment was proper and denied White's motion to vacate. White appeals.

## II.    Scope and Standards of Review

We review a proceeding to set aside a default judgment for correction of legal error. *See* Iowa R. App. P. 6.907. Because the district court has broad discretion in entering a default judgment and ruling on a motion to set aside a default judgment, we will reverse only if the court has abused its discretion. *See Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994). "We are bound by the district court's findings of fact if supported by substantial evidence . . . ." *Id.* "[W]e view the evidence in the light most favorable to the district court's ruling." *Id.*

## III.    Analysis

White raises several objections to the order denying her motion to vacate the default judgment. She first contends that the district court erred in finding personal jurisdiction when she was not properly served under Iowa Code section 617.3, our state's long-arm statute.[1] She next faults the district court for

---

[1] "These statutes extend a court's jurisdictional reach beyond the state's borders—hence the 'long arm' metaphor." Zachary D. Clopton, *Long Arm "Statutes"*, 23

finding that the financing agreement provided venue in Polk County and for failing to address her argument that the contract was one of adhesion. And finally, she contends that the court was wrong in finding that her substantive claims were moot.

### A. Setting Aside a Default Judgment

White has the burden to prove good cause for setting aside the default judgment. *See Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009). What is good cause? Something more than an excuse, a plea, or an apology. *Id.* White must offer a "sound, effective, and truthful reason" for not complying with the rules of civil procedure. *Id.* (emphasis removed). Her reason for noncompliance must meet one of the grounds for setting aside a default judgment in Iowa Rule of Civil Procedure 1.977, which include mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty. *Id.*

Rule 1.977's purpose is to allow the courts to determine controversies on their merits. *Id.* But that purpose does not permit a district court to vacate a default judgment "when the movant has ignored the rules of procedure" despite having "ample opportunity to abide by them." *Id.* A default judgment must stand if "the movant fails to show any effort to appear in response" to proper notice. *Id.* (citation omitted).

---

Green Bag 2d 89, 90 (2020). "At the same time, because an exercise of personal jurisdiction also must satisfy a constitutional test, long arms often have the effect of cutting back a court's jurisdictional reach relative to what the Due Process Clauses would permit." *Id.* In that vein, Iowa Rule of Civil Procedure 1.306 "expands Iowa's jurisdictional reach to the widest due process parameters allowed by the United States Constitution." *Addison Ins. Co. v. Knight, Hoppe, Kurnik & Knight, L.L.C.*, 734 N.W.2d 473, 476 (Iowa 2007) (citation omitted). Given the coextensive reach of the rule and the constitution, we need not address White's due process claim separately.

**B. Compliance with the Long-Arm Statute**

With that framework in mind, we first address White's claim that Banleaco's service of process to her address in South Carolina did not satisfy section 617.3. Here are the relevant provisions:

> 2. . . . If a nonresident person makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, . . . such act[] shall be deemed to be doing business in Iowa by such person for the purpose of service of process or original notice on such person under this section, and shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be the true and lawful attorney of such person upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract. . . .
>
> 3. Service of such process or original notice shall be made by filing duplicate copies of said process or original notice with said secretary of state, . . . and by mailing to the defendant . . . , by registered or certified mail, a notification of said filing with the secretary of state, the same to be so mailed within ten days after such filing with the secretary of state. Such notification shall be mailed . . . to each such nonresident person at an address in the state of residence. The defendant shall have sixty days from the date of such filing with the secretary of state within which to appear. Proof of service shall be made by filing in court the duplicate copy of the process or original notice with the secretary of state's certificate of filing, and the affidavit of the plaintiff or the plaintiff's attorney of compliance herewith.

Iowa Code § 617.3 (2)−(3).

In the district court, White acknowledged that she cannot argue on behalf of Genesis. Yet, in her appellant's brief, she asks why Banleaco tried to serve her at the address that she gave as the guaranty rather than finding the registered agent for Genesis. She then notes that she submitted "an affidavit with the district court swearing under oath she did not receive any documents from Banleaco." She admits that she does not know whether anything was delivered or whether the

postal services attempted a delivery. And she muses: "Anything could have happened to the paperwork."

To counter, Banleaco argues that even if White did not receive the notice, that fact does not render service inadequate under section 617.3. *See Buena Vista Manor v. Century Mfg. Co.*, 221 N.W.2d 286, 288 (Iowa 1974) (finding long-arm statute does not require that notification be received for jurisdiction to be acquired); *see also Barrett v. Bryant*, 290 N.W.2d 917, 922 (Iowa 1980) (explaining that the relevant issue under section 617.3 is whether the notification was mailed to recipient by registered or certified mail at his address in his state of residence). True, "an address" for purposes of section 617.3(3) means "a place where the person being served with registered or certified mail can be found." *L.F. Noll Inc. v. Eviglo*, 816 N.W.2d 391, 397 (Iowa 2012). But White does not argue that the postal service tried to deliver the notice to the wrong forwarding address in Florida; she just alleges that she did not receive it. And "refusal to accept or to claim registered or certified mail at a valid address will not defeat service." *Id.*

After a careful review of the record, we find that White has not met her burden to show good cause for failing to appear or respond to Banleaco's lawsuit. Like the district court, we reject her claim that Banleaco failed to satisfy the requirements of section 617.3.

### C. Consent to Personal Jurisdiction

We next turn to White's claim that the court lacked personal jurisdiction to enter the default judgment. Personal jurisdiction "represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694,

702 (1982). Because personal jurisdiction is an individual right, it can be waived. *Id.* at 702−03. By signing the guaranty to the financing agreement—which included a forum-selection clause—White waived her right to contest personal jurisdiction. *See EFCO Corp. v. Norman Highway Constructors, Inc.*, 606 N.W.2d 297, 299 (Iowa 2000) ("Such consent has long been recognized under Iowa law.").

White seeks to avoid the consequences of the forum-selection clause by asserting that this provision of the agreement was a contract of adhesion. She claims that she had no bargaining power when she entered the financing agreement in which she had "no choice where to dispute any matter." From that premise, she insists the agreement is unenforceable.

Because the district court did not address White's contract-of-adhesion claim, we have no ruling to review. As an error-correction court, "we usually decide only those issues that were (1) properly raised in the district court and (2) ruled on by the district court." *State v. Chawech*, 15 N.W.3d 78, 83 (Iowa 2024). White did not preserve error on this challenge to the contract.

**D.      Remaining Claims**

Finally, White argues that the district court erred in finding that her remaining grounds for voiding the financing agreement were moot. She contends the court used the mootness doctrine to avoid reaching the merits.

Banleaco responds that the district court was correct in not considering White's subsidiary arguments because "they are irrelevant to the determination of whether [she] has shown good cause to set aside the default judgment." We agree with that response. Those issues are not properly before us on appeal.

**AFFIRMED.**